Frank A. McDowell
Plaintiff, Pro Se
1456 Henley Pkwy
Patterson CA 95363
(5101)725-9668
Bpsinvest@yahoo.com

United States District Court

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

FRANK A. McDOWELL,

       Plaintiff,

Case No. 3:25-cv-08499-RFL

FIRST AMENDED COMPLAINT FOR
RELIGIOUS DISCRIMINATION
FAILURE TO ACCOMMODATE RELIGIOUS
BELIEFS, AND WRONGFUL TERMINATION.

KAISER FOUNDATION HOSPITALS,
d/b/a KAISER PERMANENTE,

       Defendant.

Submitted Pursuant to Judge Lin's Standing Order

Original Complaint Filed: October 6, 2025
First Amended Complaint Filed: May 25, 2026

United States District Court

This is a civil rights action brought by Plaintiff Frank A. McDowell against Kaiser Foundation Hospitals, d/b/a Kaiser Permanente ("Kaiser") for religious discrimination, failure to accommodate sincerely held religious beliefs, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the California Fair Employment and Housing Act (FEHA), Cal. Gov. Code § 12940 et seq., and California common law under Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980).

Plaintiff, a devout follower of Fountain of Israel, holds sincere religious beliefs that precluded him from accepting Kaiser's COVID-19 vaccine mandate. Plaintiff submitted a timely religious exemption request in September 2021. Kaiser acknowledged receipt and committed to responding by September 30, 2021. Kaiser missed its own deadline by twenty-one days, then directed its belated communications to an internal Kaiser email address — departing without notice from the external Yahoo address Kaiser had used for communications throughout Plaintiff's redeployment. Plaintiff never received the information request or the denial. When a termination ultimatum arrived at Plaintiff's Yahoo address on December 15, 2021, Plaintiff reasonably believed it had been sent in error, as the last communication he had received from Kaiser was the September 21 acknowledgment promising a response by September 30. Plaintiff first learned a denial had been issued on December 29, 2021, when he contacted Kaiser himself after discovering his paycheck had been withheld. Kaiser then terminated Plaintiff's employment effective January 10, 2022. Plaintiff seeks compensatory damages, lost wages, lost benefits, emotional distress damages, punitive damages, and all other appropriate relief.

**PARTIES**

1. Plaintiff Frank A. McDowell is an individual who, at all relevant times, resided in California and was employed by Kaiser at its Oakland Pharmacy Warehouse and thereafter through Kaiser's National Pharmacy Distribution Services during a period of redeployment beginning March 9, 2020. During the redeployment period, Kaiser communicated with Plaintiff through his external Yahoo email address, bpsinvest@yahoo.com.

2. Defendant Kaiser Foundation Hospitals, d/b/a Kaiser Permanente, is a California nonprofit corporation operating hospitals and health care facilities throughout California, including in the Northern District of California. At all relevant times, Defendant was Plaintiff's employer within the meaning of Title VII and FEHA.

3. The true names and capacities of Does 1 through 10 are unknown to Plaintiff at this time. Plaintiff will seek leave to amend this Complaint to add their true names and capacities when ascertained.

2

United States District Court

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein were committed within this District and Plaintiff was employed within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On April 14, 2025, Plaintiff filed charges of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the California Civil Rights Department (CRD), alleging religious discrimination, failure to accommodate, and wrongful termination.

7. On July 8, 2025, the EEOC issued a Notice of Right to Sue. This action was filed on October 6, 2025, within 90 days of receipt of that Notice.

8. Plaintiff's charges were timely filed under the doctrine of equitable tolling. From January 10, 2022 through March 17, 2025, Plaintiff continuously, diligently, and in good faith pursued his remedies through the collectively bargained grievance and arbitration process administered by SEIU-UHW. Plaintiff's grievance was filed on January 10, 2022, the same day his termination became effective. On April 13, 2022, SEIU-UHW recommended arbitration, expressly finding that the case had merit. Kaiser continued to engage in the grievance process through March 2025, including by extending a formal reinstatement offer on March 3, 2025, followed by a last and final reinstatement offer on March 11, 2025. Kaiser's own communications established March 17, 2025 as the date on which the matter would be closed without further extensions. Grievance proceedings accordingly concluded on March 17, 2025. Plaintiff filed his EEOC and CRD charges twenty-eight days later, on April 14, 2025, promptly upon conclusion of the grievance process. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003).

9. Throughout the grievance proceedings, Plaintiff reasonably believed that internal resolution remained possible and pursued his claims continuously and without interruption. Plaintiff acted promptly at every stage: filing his grievance the day of termination, cooperating with SEIU-UHW throughout arbitration proceedings, and filing with the EEOC and CRD within twenty-eight days of Kaiser's own March 17, 2025 closure date. Plaintiff's diligent pursuit of remedies satisfies the requirements for equitable tolling under both Title VII and FEHA. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).

3

United States District Court

10. Separately, Kaiser is equitably estopped from raising any timeliness defense because Kaiser's own conduct — routing critical exemption communications to an internal address while using Plaintiff's external Yahoo address for other employment communications — caused Plaintiff's delayed discovery of the denial. See Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384–85 (9th Cir. 1997); Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).

## FACTUAL ALLEGATIONS
### A. Plaintiff's Employment and Redeployment

11. Frank McDowell was employed by Kaiser for approximately twenty years. At the time of his termination, Plaintiff's base rate of pay was $42.2619 per hour, with employer-provided benefits valued at approximately $1,480.93 per biweekly pay period, representing a total annual compensation package of approximately $126,408.

12. Beginning March 9, 2020, Kaiser closed the Oakland Pharmacy Warehouse and redeployed Plaintiff as part of a larger cohort of employees to Kaiser's National Pharmacy Distribution Services. During the redeployment period, Kaiser's designated representatives — including Nakeia Warren, Samuel Herrick, and Plaintiff's direct supervisor Leonard Casasos Firenze — communicated with Plaintiff through his external Yahoo email address, bpsinvest@yahoo.com.

13. As early as July 6, 2020, supervisor Leonard Casasos Firenze personally emailed Plaintiff at his Yahoo address — copying Kaiser colleagues Miles Nikaido and Mary Lisa Beaudoin — regarding mandatory employment training described as a condition of employment. Casasos Firenze had possessed Plaintiff's Yahoo address for at least seventeen months before the December 29, 2021 exchange in which he represented that he did not have Plaintiff's contact information.

14. On September 29, 2021, SEIU-UHW sent a mass redeployment communication to employees in the redeployment cohort at their external email addresses, confirming that external addresses were an established channel of communication for this group.

### B. Plaintiff's Sincerely Held Religious Beliefs

15. Plaintiff is a devout follower of Fountain of Israel who holds sincere religious beliefs that his body is a temple of the Holy Spirit and that scripture prohibits him from accepting vaccines developed with or tested on fetal cell lines, or from submitting to medical procedures that violate his conscience before God.

United States District Court

16. Plaintiff maintains a consistent healthy lifestyle in accordance with his religious convictions, reflecting his sincerely held belief that his body is a temple of the Holy Spirit. Kaiser's COVID-19 vaccination policy was the first time Plaintiff became aware that religious and medical exemptions were available to employees in connection with vaccine requirements. Upon learning of this right Plaintiff submitted his religious exemption request immediately.

17. Plaintiff's sincerely held religious beliefs were corroborated and attested to in writing by Robert Reed, a Bible teacher at Fountain of Israel, who submitted a religious attestation letter confirming the doctrinal basis and longstanding nature of Plaintiff's beliefs.

**C. The Exemption Request, Kaiser's Missed Deadline, and the Pattern of Communication Failures**

18. On September 21, 2021, Plaintiff submitted a religious exemption request from Kaiser's COVID-19 vaccine mandate. Kaiser acknowledged receipt by email to Plaintiff's Yahoo address, stating it would be responding to Plaintiff's request and that Plaintiff should expect a response by September 30, 2021. This acknowledgment established the external Yahoo address as the channel through which Kaiser would conduct further exemption-related communications.

19. Kaiser failed to respond by its own stated September 30, 2021 deadline. No communication of any kind reached Plaintiff's Yahoo address regarding his exemption request after September 21, 2021. Twenty-one days after its own deadline, on October 21, 2021, Kaiser sent an information request — departing without notice or explanation from the external communication channel it had established — directing that request solely to Plaintiff's internal Kaiser email address. Plaintiff was not working inside a Kaiser facility at that time.

20. On November 2, 2021, a compliance training email was sent to Plaintiff's Yahoo address, scheduled and arranged by Casasos Firenze. At the very time Kaiser was routing exemption communications away from Plaintiff's Yahoo address, Casasos Firenze was simultaneously using that same address for other employment communications.

5

United States District Court

21. On November 29, 2021, Kaiser sent its denial of Plaintiff's religious exemption request to his internal Kaiser email address. Casasos Firenze was copied on this denial. No copy of the denial was sent to Plaintiff's Yahoo address. Plaintiff did not receive and had no knowledge of this denial.

22. On December 15, 2021, Kaiser sent a termination ultimatum to Plaintiff's Yahoo address, demanding compliance or separation by January 10, 2022. The last communication Plaintiff had received from Kaiser regarding his exemption request was the September 21, 2021 acknowledgment promising a response by September 30. No information request, no denial, and no further exemption-related communication had reached Plaintiff in the nearly three months between September 21 and December 15, 2021. Kaiser offered no explanation for its failure to respond by its own September 30 deadline. Plaintiff reasonably believed the December 15 ultimatum had been sent in error.

23. On December 29, 2021, Plaintiff contacted Kaiser by telephone after discovering his paycheck was missing. Plaintiff initiated this contact himself — he had received no prior outreach from Kaiser. During that contact, Plaintiff was forwarded the November 29, 2021 denial email for the first time, and he contemporaneously confirmed receipt in writing: "just received." This is Plaintiff's actual notice date. At or around this same time, Casasos Firenze — who had emailed Plaintiff at his Yahoo address as recently as November 2, 2021, and had possessed that address since at least July 6, 2020 — contacted Plaintiff and represented that he did not have Plaintiff's contact information.

24. Kaiser's external communications to Plaintiff's Yahoo address continued from the beginning of redeployment through the date of termination. To Plaintiff's knowledge, the October 21, 2021 information request and the November 29, 2021 denial were among the only communications Kaiser directed to his internal address during the redeployment period — and both were produced to Plaintiff for the first time on December 29, 2021.

**D. Physical Impossibility of Compliance and Failure of Interactive Process**

25. Between Plaintiff's actual notice on December 29, 2021 and the January 10, 2022 termination deadline, there were only two effective business days: December 30 and December 31 (New Year's Eve). January 1, 2022 was a federal holiday. January 2, 2022 fell on a Sunday. Under Kaiser's own vaccination protocol, completion of a two-dose vaccine series required a minimum of three weeks. Compliance within two effective business days was a physical impossibility.

United States District Court

26. Kaiser never offered Plaintiff any reasonable accommodation, including masking, regular testing, remote work, or reassignment. Kaiser failed to engage Plaintiff in any individualized interactive process regarding potential accommodations. Kaiser's HR representative Yvette Crespo confirmed in writing on January 5, 2022 that testing was available for employees with approved exemptions. Plaintiff had requested testing as an accommodation. Kaiser denied Plaintiff's exemption and Plaintiff was not provided access to testing.

27. On January 4, 2022, Kaiser's HR representative Yvette Crespo suggested that Plaintiff take the Johnson and Johnson vaccine prior to January 10, 2022 as a compliance option. This suggestion failed on two independent grounds. First, the Johnson and Johnson vaccine was developed and tested using fetal cell lines, rendering it incompatible with Plaintiff's sincerely held religious beliefs — the very beliefs underlying his exemption request. Second, Kaiser's own vaccination policy defined "fully vaccinated" for the Johnson and Johnson vaccine as receipt of the single dose plus a fourteen-day waiting period. With the termination deadline six days away on January 4, compliance under Kaiser's own definition was physically impossible regardless of religious considerations. Kaiser's suggestion of the Johnson and Johnson vaccine — to an employee who had filed a religious exemption citing fetal cell line objections, within a timeframe Kaiser's own policy made impossible — reflects the absence of any good-faith engagement with Plaintiff's religious accommodation request.

28. Kaiser terminated Plaintiff's employment before any accommodation dialogue could begin, before Plaintiff could provide additional supporting information, and before Plaintiff could seek reconsideration of the denial. See Groff v. DeJoy, 600 U.S. 447 (2023).

### E. Wrongful Termination and the Retirement Deflection

29. Plaintiff's employment was terminated effective January 10, 2022. Plaintiff filed a union grievance the same day.

30. On December 30, 2021, Plaintiff communicated to HR representative Yvette Crespo that any retirement would constitute "retirement under duress." No retirement paperwork was ever completed or submitted. Casasos Firenze confirmed in writing on January 3, 2022 that he had not received any correspondence or processed a retirement from HR regarding Plaintiff's desire to retire. Plaintiff subsequently enrolled in school, and Kaiser sent an Open Enrollment 2022 benefits email to Plaintiff's Yahoo address as recently as October 2021, treating Plaintiff as an active employee with ongoing benefits.

7

United States District Court

31. On January 4, 2022, SEIU-UHW Representative Shawna Brown stated in writing: "The email notification is dated 12/29/2021. There has not been any notification prior to of denial. December 29th is unreasonable for Frank to comply." Brown demanded that Kaiser produce documentation showing the denial was provided to Plaintiff prior to December 29, 2021. In response, HR representative Yvette Crespo stated: "Frank has a copy of the letter/email sent. I do not have a copy." Kaiser was unable to produce any prior notification.

**F. Grievance Proceedings and Reinstatement Offer**

32. From January 10, 2022 through March 17, 2025, Plaintiff pursued his claims through the SEIU-UHW grievance and arbitration process. Kaiser actively participated in and extended those proceedings, including by offering Plaintiff formal reinstatement on March 3, 2025. On March 11, 2025, Kaiser's HR Consultant Carmel A. Smalls issued a last and final reinstatement offer, stating that the matter would be closed without further extensions if not accepted by March 17, 2025. The grievance proceedings concluded on March 17, 2025.

**G. Economic Damages**

33. As a direct and proximate result of Kaiser's unlawful conduct, Plaintiff has suffered and continues to suffer significant economic damages. At the time of termination, Plaintiff's base rate of pay was $42.2619 per hour. Employer-provided benefits, including medical coverage, 401(k) employer match, dental, long-term disability, life insurance, and accidental death and dismemberment coverage, totaled approximately $1,480.93 per biweekly pay period, representing an annual benefit value of approximately $38,503. Plaintiff's paystub reflects pre-tax 401(k) contributions of $2,153.12 per biweekly pay period. As a result of termination, Plaintiff lost the ability to continue these contributions and the associated tax-deferred growth, representing an additional component of economic damages. Plaintiff's pension benefits represent a further component of damages to be established through discovery. Plaintiff's annual base salary was approximately $87,905. From the date of termination on January 10, 2022 through the present, Plaintiff's total economic damages, including lost wages, lost employer benefits, and lost retirement contributions, exceed $500,000 and continue to accrue.

United States District Court

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**Religious Discrimination in Violation of Title VII**
**42 U.S.C. § 2000e-2(a) — Against Defendant**

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

35. Title VII prohibits an employer from discriminating against an employee because of the employee's religion. 42 U.S.C. § 2000e-2(a)(1).

36. Plaintiff holds sincere religious beliefs, as described above and attested to by his religious leader Robert Reed of Fountain of Israel. Those beliefs conflict with Kaiser's COVID-19 vaccine mandate.

37. Kaiser's knowing failure to provide Plaintiff with a religious accommodation, its failure to engage in any individualized and meaningful interactive process, and its termination of Plaintiff's employment constitute discrimination on the basis of religion in violation of Title VII.

38. Kaiser's conduct, as described herein, was undertaken in disregard of Plaintiff's federally protected rights.

39. As a direct and proximate result of Kaiser's discriminatory conduct, Plaintiff has suffered lost wages, lost benefits, lost retirement contributions, lost career advancement, emotional distress, and other damages in an amount to be proven at trial, exceeding $500,000 in economic damages alone.

**SECOND CAUSE OF ACTION**
**Failure to Accommodate Sincerely Held Religious Beliefs**
**Title VII, 42 U.S.C. § 2000e(j); FEHA, Cal. Gov. Code § 12940(l) — Against Defendant**

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. Title VII and FEHA require an employer to reasonably accommodate an employee's sincerely held religious beliefs unless doing so would impose an undue hardship on the employer. Under Groff v. DeJoy, 600 U.S. 447 (2023), an employer must demonstrate that the proposed accommodation would result in substantial increased costs in the context of the employer's business before a denial is justified.

9

42. Plaintiff timely submitted a religious exemption request and provided supporting documentation, including a religious attestation letter from his religious leader.

43. Kaiser failed to engage in a good-faith interactive process with Plaintiff. Kaiser directed its information request and its denial to an internal address through which Kaiser had not previously communicated with Plaintiff during redeployment, effectively ensuring that no interactive dialogue could occur. Kaiser terminated Plaintiff before he had any opportunity to respond to the denial, provide additional information, or explore potential accommodations.

44. Reasonable accommodations were available and feasible, including masking, regular COVID-19 testing, remote work, or reassignment. Kaiser's own HR confirmed that testing was available for employees with approved exemptions, yet Kaiser denied Plaintiff's exemption without any interactive process and denied him access to the testing accommodation it made available to others. Kaiser's suggestion of the Johnson and Johnson vaccine on January 4, 2022 further demonstrates the absence of good-faith accommodation engagement: that vaccine was incompatible with Plaintiff's sincerely held religious beliefs due to its fetal cell line development, and compliance under Kaiser's own fourteen-day waiting period definition was physically impossible within the six days remaining before the termination deadline.

45. Kaiser's failure to accommodate Plaintiff's sincerely held religious beliefs and its knowing failure to engage in any meaningful interactive process constitute violations of Title VII and FEHA.

46. As a direct and proximate result of Kaiser's failure to accommodate, Plaintiff suffered the damages described herein.

**THIRD CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
**FEHA, Cal. Gov. Code §§ 12940 et seq.; Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980) — Against Defendant**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. California law prohibits the termination of an employee in violation of a fundamental public policy expressed in a constitutional or statutory provision. Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980).

United States District Court

49. FEHA codifies the fundamental public policy of the State of California against discrimination in employment on the basis of religion and against the failure to provide reasonable religious accommodations. Cal. Gov. Code §§ 12940(a), 12940(l).

50. Kaiser terminated Plaintiff's employment because of his sincerely held religious beliefs and Kaiser's knowing refusal to accommodate those beliefs, in violation of the fundamental public policies expressed in FEHA.

51. As a direct and proximate result of Kaiser's wrongful termination, Plaintiff has suffered and continues to suffer lost wages, lost benefits, lost retirement contributions, emotional distress, and other economic and noneconomic damages in an amount to be proven at trial.

52. Kaiser's conduct was oppressive and in conscious disregard of Plaintiff's rights, warranting an award of punitive damages under California Civil Code § 3294.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Frank A. McDowell respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

A. Compensatory damages for lost wages, lost benefits, lost 401(k) contributions, lost pension benefits, and other economic losses in an amount to be proven at trial, but believed to exceed $500,000;

B. Compensatory damages for emotional distress, humiliation, and mental anguish in an amount to be proven at trial;

C. Punitive damages pursuant to 42 U.S.C. § 1981a and California Civil Code § 3294;

D. An order requiring Kaiser to implement lawful religious accommodation policies and procedures;

E. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and Cal. Gov. Code § 12965(b);

F. Pre-judgment and post-judgment interest; and

G. Such other and further relief as the Court deems just and proper.

United States District Court

**JURY DEMAND**

Plaintiff Frank A. McDowell hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Frank A. McDowell
Plaintiff, Pro Se
bpsinvest@yahoo.com

Dated: May 25,2026

United States District Court

12

United States District Court

PROOF OF SERVICE

I certify that on ___5-26-2026___, I served the following document by email upon counsel for Defendant:

• First Amended Complaint for Religious Discrimination, Failure to Accommodate Religious Beliefs, and Wrongful Termination

Galen P. Sallomi
Seyfarth Shaw LLP
Counsel for Defendant Kaiser Foundation Hospitals
gsallomi@seyfarth.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___5-26-2026___

_____

Frank A. McDowell
Plaintiff, Pro Se

13