United States District Court

Frank A. McDowell
Plaintiff, Pro Se
1456 Henley Pkwy
Patterson CA 95363
(510) 725-9668
Bpsinvest@yahoo.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FRANK A. McDOWELL,

               Plaintiff,

    v.

KAISER FOUNDATION HOSPITALS,
d/b/a KAISER PERMANENTE,
and DOES 1–10, inclusive,

               Defendant.

Case No. 3:25-cv-08499-RFL

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR
LEAVE TO AMEND ANSWER TO
ADD STATUTE OF LIMITATIONS
DEFENSE

Hearing Date: June 2, 2026
Time: 10:00 AM
Courtroom 15, 18th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Judge: Hon. Rita F. Lin

United States District Court

# I. INTRODUCTION

Defendant Kaiser Foundation Hospitals seeks leave to amend its Answer to add a statute of limitations affirmative defense — after already filing both an Answer and a Motion to Dismiss — while disregarding the continuing nature of the parties' post-termination grievance proceedings, reinstatement-related communications, arbitration representations, and ongoing administrative processes that extended well into 2025.

Defendant's proposed amendment fails for three independent reasons. First, equitable tolling applies because Plaintiff diligently and continuously pursued all available administrative and contractual remedies from termination through March 2025, when Kaiser's own HR communications established March 17, 2025 as the date the matter would be closed. Second, equitable estoppel independently bars Defendant's limitations defense because Defendant's own conduct — establishing an unbroken external email communication pattern with Plaintiff's Yahoo account (bpsinvest@yahoo.com) over nineteen consecutive months of redeployment, then selectively routing the two most adverse communications to an internal account Plaintiff could not access, while continuing to use the Yahoo account for all other redeployment communications — directly caused Plaintiff's reasonable reliance and any resulting delay. Third, substantial unresolved factual disputes regarding accrual, notice, and the scope of continuing communications render Defendant's proposed amendment futile and dismissal on limitations grounds inappropriate at the pleading stage.

The Supreme Court has squarely held that EEOC filing deadlines are not jurisdictional barriers but procedural requirements subject to equitable modification. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Plaintiff's conduct throughout this matter exemplifies the good-faith diligence that equitable tolling and estoppel are designed to protect.

# II. FACTUAL BACKGROUND

## A. Nineteen Months of Unbroken External Email Communication Established the Operative Standard

Plaintiff entered redeployment status effective March 9, 2020, following the closure of the Oakland Pharmacy Distribution Warehouse. From that date forward, for a period of over nineteen consecutive months, every employment-related communication between Plaintiff and Kaiser was conducted through Plaintiff's external Yahoo email account, bpsinvest@yahoo.com. Plaintiff was not assigned to or working inside a Kaiser facility during this period and was not regularly accessing Kaiser's internal email systems. Defendant's own operational practices — not Plaintiff's preference — governed this arrangement: Kaiser instructed redeployed employees to maintain current external email contact information and consistently transmitted workforce updates, Zoom meeting notifications, redeployment communications, and all employment-related information through external personal email accounts.

2

United States District Court

This unbroken external communication history is the documentary foundation of Plaintiff's equitable estoppel claim: Kaiser created, maintained, and enforced an external communication standard for all redeployment-related matters, then selectively abandoned that standard for the two most consequential adverse communications in Plaintiff's employment history, while simultaneously continuing to use the Yahoo account for all other redeployment communications during that same period.

**B. Kaiser's September 21, 2021 Email and the Broken Promise of External Follow-Up**

On September 21, 2021, Kaiser sent Plaintiff an email to bpsinvest@yahoo.com acknowledging receipt of Plaintiff's religious exemption request. Kaiser's email stated that submissions were under review and that Kaiser "will be responding shortly" — a representation made against the backdrop of Kaiser's approaching September 30, 2021 vaccination compliance deadline, making clear that the promised response would arrive before that date and through the same external channel Kaiser had just used.

Kaiser missed its own implied September 30, 2021 response deadline by twenty-one days. When follow-up communications did arrive, they were routed not to bpsinvest@yahoo.com — the account Kaiser had just used to make its promise — but to Plaintiff's internal Kaiser email account that had gone unused throughout nineteen months of redeployment. The critical sequence that follows is documented entirely in Kaiser's own records:

**October 21, 2021:** Kaiser transmitted a request for additional exemption information to Plaintiff's internal Kaiser account — the first internal-only communication in over nineteen months of redeployment. The request demanded a response within five calendar days and warned that failure to respond would result in denial. Plaintiff, on redeployment status and not accessing internal systems, did not receive this communication. Plaintiff's contemporaneous handwritten notation confirms: "On Redeployment Can't Access Email."

**November 29, 2021:** Kaiser transmitted the denial of Plaintiff's religious exemption request to Plaintiff's internal Kaiser email address, and copied Plaintiff's direct supervisor, Leonard Casasos Firenze. Despite Casasos Firenze's actual knowledge of the denial, and despite Kaiser's established practice of communicating with Plaintiff externally, neither Kaiser nor Casasos Firenze made any attempt to notify Plaintiff through external channels. Plaintiff's contemporaneous notation again confirms: "On Redeployment Can't Access Email."

**December 15, 2021:** Kaiser sent an email to bpsinvest@yahoo.com — reverting to the external channel abandoned for the two most critical adverse notices — demanding proof of completed vaccination by January 3, 2022, or termination effective January 10, 2022. Plaintiff received the December 15 email but reasonably believed it had been sent in error because he had never received any denial, any information request, or any external warning that his exemption was at risk.

3

United States District Court

**December 29, 2021:** Plaintiff contacted Human Resources after discovering that his paycheck had not arrived — the first objective indication that something was genuinely wrong. Kaiser forwarded, for the first time, both the October 21 and November 29 internal communications to bpsinvest@yahoo.com. Plaintiff immediately responded, advising Kaiser that he had "just received" the denial. This real-time statement constitutes direct documentary evidence of no prior actual notice.

## C. The Communication Timeline

**Sept. 21, 2021** — Exemption acknowledged; response promised before Sept. 30 deadline. Yahoo. Kaiser created specific expectation of external follow-up.

**Oct. 21, 2021** — Information request; 5-day response demanded. Internal email ONLY. First internal-only communication in 19+ months.

**Nov. 29, 2021** — Exemption DENIED; CC: Casasos Firenze. Internal email ONLY. Supervisor had actual notice; no external notification made.

**Dec. 15, 2021** — Termination ultimatum. Yahoo. Plaintiff received but reasonably believed sent in error.

**Dec. 29, 2021** — Plaintiff contacts HR after paycheck missing. First actual notice. Two effective business days remaining: December 30 and December 31.

**Jan. 3–10, 2022** — Compliance deadlines. Full vaccination physically impossible from Dec. 29 under Kaiser's own policy.

**Jan. 10, 2022** — Grievance immediately filed under CBA Article XXIII.

## D. Physical Impossibility of Compliance — Including Kaiser's Own J&J Suggestion

From Plaintiff's actual notice date of December 29, 2021, only two effective business days remained before Kaiser's January 3, 2022 compliance deadline: December 30 and December 31 (New Year's Eve). January 1, 2022 was a federal holiday. January 2, 2022 fell on a Sunday. Kaiser's own denial letter defined "fully vaccinated" as receipt of both doses of a two-dose vaccine such as Pfizer or Moderna — requiring weeks between doses — or a single-dose Johnson and Johnson vaccine plus a fourteen-day waiting period. Under Kaiser's own definition, compliance from a standing start on December 29 was medically and physically impossible.

4

United States District Court

On January 4, 2022, Kaiser's HR representative Yvette Crespo suggested that Plaintiff take the Johnson and Johnson vaccine prior to January 10, 2022 as a compliance option. This suggestion failed on two independent grounds. First, the Johnson and Johnson vaccine was developed and tested using fetal cell lines, rendering it incompatible with Plaintiff's sincerely held religious beliefs — the very beliefs underlying his exemption request. Second, Kaiser's own policy defined full vaccination for J&J as receipt of the single dose plus a fourteen-day waiting period. With the termination deadline six days away on January 4, compliance under Kaiser's own definition required vaccination no later than December 27, 2021 — two days before Plaintiff's actual notice date. That option was therefore physically impossible from the moment Plaintiff learned of the denial, independent of any religious consideration.

The termination that followed on January 10, 2022 was the direct and foreseeable result of Kaiser's own communication failures — not any failure by Plaintiff.

**E. Termination, Immediate Grievance Filing, and Continuing Proceedings Through March 2025**

Plaintiff's employment was terminated effective January 10, 2022. Plaintiff immediately initiated the grievance process under the applicable Collective Bargaining Agreement ("CBA") between SEIU-UHW and Kaiser Foundation Hospitals under Article XXIII. Plaintiff continuously participated in each step of that process and reasonably understood the grievance and arbitration proceedings to remain the active institutional process governing the dispute.

On March 3, 2025, Kaiser's HR Consultant Carmel A. Smalls sent Plaintiff a formal reinstatement offer. On March 11, 2025, Smalls sent a follow-up communication stating that the matter would be closed if Plaintiff did not respond by March 17, 2025. Kaiser's own communications thus established March 17, 2025 as the date the matter would be closed — not any action or declaration by Plaintiff. Plaintiff filed EEOC and CRD charges twenty-eight days later, on April 14, 2025.

**F. EEOC and CRD Filings, Right to Sue, and Timely Federal Complaint**

Following Kaiser's March 17, 2025 closure date, Plaintiff filed charges with both the EEOC and CRD on April 14, 2025. The EEOC issued a Notice of Right to Sue on July 8, 2025. Plaintiff filed the present federal action on October 6, 2025 — within the applicable 90-day period. 42 U.S.C. § 2000e-5(f)(1).

## III. ARGUMENT

### A. Legal Standard: Defendant's Proposed Amendment Is Futile

Although leave to amend is freely granted under Federal Rule of Civil Procedure 15(a), amendment is properly denied where it would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Critically, the Ninth Circuit has held that equitable tolling is ordinarily not properly resolved at the pleading stage. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). Defendant's motion cannot clear that bar.

### B. Equitable Tolling Applies Because Plaintiff Diligently Pursued All Available Remedies

EEOC filing deadlines are not jurisdictional prerequisites but procedural requirements subject to equitable tolling. Zipes, 455 U.S. at 393. Equitable tolling applies when: (1) the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant; or (2) extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time. Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999). Both grounds are independently satisfied here.

Under California law, which governs Plaintiff's FEHA claim, equitable tolling applies where a plaintiff pursues a remedy in another forum and satisfies three factors: (1) timely notice to the defendant; (2) lack of prejudice to the defendant; and (3) good faith and reasonable conduct. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993); Scholar v. Pacific Bell, 963 F.2d 264, 267–68 (9th Cir. 1992). All three factors are satisfied here.

#### 1. Wrongful Conduct — Kaiser's Own Communication Choices Prevented Timely Filing.

Kaiser routed the October 21 information request and the November 29 denial to an internal address through which Kaiser had never previously communicated with Plaintiff during nineteen months of redeployment, while simultaneously continuing to use Plaintiff's Yahoo address for all other employment communications. This selective routing — ensuring only the two most adverse communications would not reach Plaintiff's external channel — constitutes wrongful conduct that directly prevented Plaintiff from asserting his claims in a timely manner. Stoll, 165 F.3d at 1242.

#### 2. Extraordinary Circumstances — Physical Impossibility and Active Institutional Proceedings.

From Plaintiff's actual notice date of December 29, 2021, only two effective business days remained before Kaiser's compliance deadline. Compliance was medically and physically impossible under Kaiser's own vaccination definition — including the J&J option suggested by Kaiser's own HR on January 4, 2022, which required a fourteen-day waiting period under Kaiser's own policy and was in any event incompatible with Plaintiff's sincerely held religious beliefs.

6

Separately, Plaintiff reasonably understood grievance and arbitration proceedings to remain the active institutional process. Given Kaiser's own reinstatement communications extending through March 11, 2025, and Kaiser's establishment of March 17, 2025 as the closure date, Plaintiff's understanding that external administrative filings were premature was objectively reasonable. Stoll, 165 F.3d at 1242; Scholar, 963 F.2d at 267–68.

### 3. The Three Cervantes Factors Are Satisfied.

- Timely Notice: Kaiser was put on notice of the operative facts the day Plaintiff filed his grievance on January 10, 2022 — the same day his termination became effective.

- No Prejudice: Kaiser actively participated in grievance proceedings for over three years and has full access to all relevant documentary evidence and witnesses. Discovery has only recently commenced.

- Good Faith and Reasonable Conduct: Plaintiff pursued every available remedy without interruption, filed his grievance the day of termination, and filed EEOC and CRD charges twenty-eight days after Kaiser's own March 17, 2025 closure date.

All three Cervantes factors are satisfied. See Cervantes, 5 F.3d at 1275.

### C. Equitable Estoppel Independently Bars Defendant's Limitations Defense

Equitable estoppel bars Defendant's proposed defense where Defendant's own conduct caused Plaintiff to delay filing. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). Required elements: (1) the party to be estopped knew the facts; (2) that party intended or reasonably expected its conduct to be acted upon; (3) plaintiff did not know the true facts; and (4) plaintiff detrimentally relied on defendant's conduct. Id. Each element is established by Kaiser's own documentary record.

7

- Defendant Knew the Facts: Kaiser possessed Plaintiff's Yahoo address, knew Plaintiff was on redeployment and not accessing internal systems, had established external email as the nineteen-month operational norm, and — through Casasos Firenze — had actual knowledge of the November 29, 2021 denial while knowing Plaintiff had received no external notification.

- Defendant's Conduct Was Relied Upon: Kaiser's September 21 email to Yahoo, promising a response before September 30, affirmatively represented that all exemption follow-up would arrive externally. Plaintiff had every reason to rely on external delivery and no reason to monitor an internal account unused for over nineteen months.

- Plaintiff Did Not Know the True Facts: Plaintiff did not receive the October 21 information request or the November 29 denial. His real-time statement on December 29 — "just received" — is contemporaneous documentary proof of no prior actual notice.

- Plaintiff Detrimentally Relied: By the time Plaintiff learned the truth on December 29, 2021, compliance was physically and medically impossible within the remaining two effective business days — and Kaiser's own J&J suggestion on January 4, 2022 was equally impossible under Kaiser's own fourteen-day waiting period definition, and incompatible with Plaintiff's sincerely held religious beliefs.

Casasos Firenze was copied on the November 29, 2021 denial. He knew Plaintiff was on redeployment. His failure to confirm that Plaintiff received notice of an adverse employment

8

determination — despite having actual knowledge and the means to act — is a factual dispute that further supports estoppel and requires discovery.

Defendant cannot invoke a limitations defense built upon the consequences of its own communication choices. See Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir. 2003); Halet v. Wend Inv. Co., 672 F.2d 1305, 1310 (9th Cir. 1982).

## D. The Compliance Window Was Physically Impossible to Satisfy

Even crediting any constructive notice theory based on the December 15 external email, the result does not change. Plaintiff received that email but reasonably believed it was sent in error. Plaintiff's actual notice did not occur until December 29, 2021.

From that date, only two effective business days remained: December 30 and December 31. January 1 was a federal holiday. January 2 fell on a Sunday. Under Kaiser's own policy, a two-dose series required weeks; J&J required a fourteen-day waiting period after the shot. Kaiser's own HR suggested J&J on January 4, 2022 — with six days remaining before the January 10 deadline. Under Kaiser's own definition, J&J compliance by January 10 required vaccination no later than December 27, 2021 — two days before Plaintiff's actual notice date. That option was therefore physically impossible from the moment Plaintiff learned of the denial, independent of any religious consideration. The termination that followed was the foreseeable consequence of Kaiser's own conduct. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206–07 (9th Cir. 1995).

United States District Court

9

**E. Substantial Factual Disputes Independently Preclude Dismissal at the Pleading Stage**

Even absent the equitable doctrines discussed above, dismissal remains inappropriate because material factual disputes cannot be resolved on the pleadings. Supermail Cargo, 68 F.3d at 1206–07; Cervantes, 5 F.3d at 1275. The following disputes require discovery:

- Whether Kaiser's October 21 and November 29 internal-only communications constituted legally adequate notice to a redeployed employee not accessing internal email in nineteen months;

- Whether Kaiser's simultaneous use of Yahoo for all other communications while routing adverse exemption notices internally reflects a pattern requiring further inquiry through discovery;

- What steps, if any, Casasos Firenze took upon being copied on the November 29 denial to ensure Plaintiff received actual notice, and why no external notification was made;

- Whether Plaintiff's reasonable belief that the December 15 email was sent in error negates any constructive notice argument;

- Whether the J&J suggestion on January 4, 2022 — incompatible with Plaintiff's religious beliefs and physically impossible under Kaiser's own policy timeline — reflects the absence of good-faith engagement in the interactive process;

- Whether Plaintiff's inability to access MyHR — communicated to Kaiser in writing on December 29 — further defeats any constructive notice or failure-to-comply argument;

- 

10

- The precise scope, content, and effect of reinstatement-related and grievance communications extending through March 2025 on Plaintiff's reasonable understanding of the continuing status of his claims.

These factual questions are not amenable to resolution at the pleading stage and independently defeat Defendant's proposed amendment as futile. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

**F. The 90-Day Federal Filing Deadline Is Unambiguously Satisfied**

Whatever the resolution of the tolling and estoppel arguments, one deadline is beyond dispute: Plaintiff filed the present action on October 6, 2025 — within 90 days of the EEOC's Notice of Right to Sue dated July 8, 2025. 42 U.S.C. § 2000e-5(f)(1). Defendant's limitations defense cannot reach this filing.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Leave to Amend its Answer to add a statute of limitations defense. Defendant's proposed amendment is legally insufficient, futile, and inequitable given the totality of the record.

United States District Court

The evidence establishing Plaintiff's position is Kaiser's own documentary record. For nineteen consecutive months, Kaiser communicated with Plaintiff through bpsinvest@yahoo.com. Kaiser used that account on September 21, 2021 to acknowledge Plaintiff's exemption request and promise a response before September 30. Kaiser then missed that deadline, routed the follow-up and the denial to an internal account Plaintiff could not access, copied a supervisor who took no action, and continued using Plaintiff's Yahoo address for all other redeployment communications. When Kaiser finally used the Yahoo address again on December 15, 2021, it was to deliver a termination ultimatum with no prior warning — because every prior adverse communication had been routed away from Plaintiff's external channel. Plaintiff reasonably believed that communication was sent in error. Plaintiff learned the truth only on December 29, 2021, when his paycheck did not arrive, leaving only two effective business days — December 30 and December 31 — before a compliance deadline that was medically and physically impossible to satisfy under Kaiser's own policy definition. Kaiser's own suggestion of the Johnson and Johnson vaccine on January 4, 2022 confirms this conclusion: J&J was incompatible with Plaintiff's sincerely held religious beliefs, and compliance under Kaiser's own fourteen-day waiting period definition would have required vaccination no later than December 27, 2021 — two days before Plaintiff's actual notice date.

Plaintiff responded immediately upon actual notice. Plaintiff filed a grievance the day he was terminated. Plaintiff pursued every available remedy without interruption. Kaiser's own HR communications established March 17, 2025 as the date the matter would be closed. Plaintiff filed EEOC and CRD charges twenty-eight days later. Plaintiff filed this action within 90 days of

receiving his Right to Sue letter. Defendant should not be permitted to benefit from a limitations defense that flows directly from Defendant's own communication choices.

Plaintiff respectfully requests that the Court take this matter under submission on the papers and waives oral argument.

Respectfully submitted,

Frank A. McDowell

Plaintiff, Pro Se

Bpsinvest@yahoo.com

Dated: May 26, 2026

United States District Court

13

**PROOF OF SERVICE**

I certify that on May 26, 2026, I served the following document by email upon counsel for Defendant:

• Plaintiff's Opposition to Defendant's Motion for Leave to Amend Answer to Add Statute of Limitations Defense

Galen P. Sallomi

Seyfarth Shaw LLP

Counsel for Defendant Kaiser Foundation Hospitals

gsallomi@seyfarth.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 26, 2026

Frank A. McDowell

Plaintiff, Pro Se

14