United States District Court

Frank A. McDowell

1456 Henley Pkwy

Patterson, CA 95363

Email: bpsinvest@yahoo.com

Tel: (510) 725-9668

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FRANK A. McDOWELL,

    Plaintiff,

v.

KAISER FOUNDATION HOSPITALS,

D/B/A KAISER PERMANENTE

    Defendant.

**Case No. 3:25-cv-08499-RFL**

**Judge Rita F. Lin**

**Hearing Date: To Be Set by the Court**

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION**

**NOTICE DATED APRIL 10, 2026**

United States District Court

*Plaintiff has reviewed the model protective orders available on the Northern District of California's website and has determined that none of the model orders address the scheduling and format relief sought herein. Plaintiff therefore moves for relief under Federal Rules of Civil Procedure 26(c) and 30(b)(4) as set forth below.*

**I. INTRODUCTION**

Plaintiff Frank A. McDowell, proceeding pro se, respectfully moves this Court for relief under two independent provisions of the Federal Rules of Civil Procedure. First, pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff requests a protective order briefly postponing his deposition from its currently noticed date of June 19, 2026 to a mutually agreeable date after June 27, 2026. Second, in the alternative, pursuant to Federal Rule of Civil Procedure 30(b)(4), Plaintiff requests that the Court order the deposition be conducted by remote means via Zoom videoconference.

Good cause exists for the primary relief. Defendant unilaterally noticed Plaintiff's deposition for June 19, 2026 — Juneteenth National Independence Day, a federal holiday — without Plaintiff's consent or prior consultation. When Plaintiff objected and requested a brief continuance, Defendant's counsel did not respond. As of the filing of this motion Defendant had not responded to Plaintiff's request to discuss alternative dates or formats. Separately, Defendant's responses to Plaintiff's Second Set of discovery are due June 27, 2026 — eight days after the noticed deposition — and proceeding before those responses are available would result in specific prejudice to Plaintiff's ability to prepare for and provide complete testimony. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

2

Good cause also exists for the alternative relief. Federal Rule of Civil Procedure 30(b)(4) expressly authorizes the Court, in its discretion, to order that a deposition be taken by remote means. Plaintiff resides approximately 80 miles from Defendant's counsel's offices. As of the filing of this motion Defendant had not responded to Plaintiff's request for a remote deposition. Plaintiff respectfully invokes the Court's authority under Rule 30(b)(4) to order remote deposition as alternative relief.

## II. BACKGROUND

### A. The Deposition Notice

On April 10, 2026 Defendant's counsel Seyfarth Shaw LLP served a Notice of Taking Deposition of Plaintiff Frank McDowell scheduling the deposition for June 19, 2026 at 10:00 AM at the offices of Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California. Defendant did not consult Plaintiff regarding the deposition date before serving the notice. Plaintiff did not agree to June 19 as the deposition date.

June 19, 2026 is Juneteenth National Independence Day — a federal holiday established by Public Law 117-17 and codified at 5 U.S.C. § 6103(a). Although no Federal Rule categorically prohibits a deposition from occurring on a holiday, the unilateral selection of a federal holiday date without any prior consultation with Plaintiff weighs in favor of a brief continuance to a date the parties have mutually agreed upon.

United States District Court

## B. Plaintiff's Attempt to Resolve Without Court Intervention

On June 2, 2026 Plaintiff sent written correspondence to Defendant's counsel objecting to the June 19 deposition date and requesting that the deposition be rescheduled to a mutually agreeable date after June 27, 2026. Plaintiff provided a 48-hour response window.

As of June 7, 2026 — the date of this filing — Defendant's counsel has not responded to that communication. Defendant had not agreed to reschedule, had not proposed alternative dates or formats, and had not responded to Plaintiff's written request to discuss alternative dates or formats.

## C. Defendant's Prior Request for Remote Deposition

Prior to filing this motion Plaintiff requested that the deposition be conducted via Zoom videoconference pursuant to Federal Rule of Civil Procedure 30(b)(4). Plaintiff resides in Patterson, California — approximately 80 miles from Defendant's counsel's offices in San Francisco. As of the filing of this motion Defendant had not responded to Plaintiff's request for a remote deposition, requiring Plaintiff to travel to San Francisco for a deposition noticed on a date he did not agree to.

## D. Outstanding Discovery

On May 28, 2026 Plaintiff served Defendant with a Second Set of Interrogatories, a Second Set of Requests for Production, and a First Set of Requests for Admission. Defendant's responses to all three sets of discovery are due June 27, 2026 — eight days after the noticed deposition date. The outstanding discovery addresses core factual matters that will be the direct subject of Plaintiff's

deposition testimony, including Defendant's communication practices during Plaintiff's redeployment period, the routing of the exemption denial, and the notice Plaintiff received of that denial.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) provides that a court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including by specifying the time and place of a deposition. Good cause is established by demonstrating that specific prejudice or harm will result if the protective order is not granted. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

Federal Rule of Civil Procedure 30(b)(4) expressly authorizes the Court, in its discretion, to order that a deposition be taken by remote means. Courts routinely permit remote depositions where doing so reduces expense and logistical burden while preserving the parties' ability to conduct full examination. Learning Resources, Inc. v. Playgo Toys Enterprises Ltd., 335 F.R.D. 536, 540-41 (N.D. Ill. 2020); see also Guillen v. Bank of America Corp., No. C 10-05825 EJD (PSG), Order Granting-in-Part Plaintiff's Ex Parte Motion for Administrative Relief (N.D. Cal. Dec. 27, 2011) (granting motion under Rule 30(b)(4) to conduct depositions by telephone and videoconference to reduce litigation costs).

### IV. ARGUMENT

**A. Good Cause Exists Under FRCP 26(c) for a Brief Continuance**

Good cause for a protective order exists when the totality of circumstances demonstrates that proceeding as noticed would impose undue burden or prejudice on the moving party. That standard is met here based on three factors that independently and collectively support a brief continuance.

First, Defendant unilaterally selected June 19, 2026 — Juneteenth National Independence Day — as the deposition date without prior consultation with Plaintiff. Although no Federal Rule categorically prohibits a deposition on a federal holiday, the unilateral selection of such a date without consultation weighs in favor of a brief continuance to a mutually agreeable date. Plaintiff did not agree to June 19 and did not consent to appearing for a deposition on a federal holiday.

Second, when Plaintiff raised his objection on June 2, 2026 and requested a brief continuance, Defendant's counsel did not respond. As of the date of this filing Defendant had five days to propose an alternative date, explain why June 19 is necessary, or engage in any discussion of the issue. Defendant chose silence. A party that does not engage in good faith discussion of a reasonable scheduling request cannot then oppose a motion for protective order on the grounds that the parties failed to reach agreement.

Third, and most significantly, Defendant's responses to Plaintiff's Second Set of Interrogatories, Requests for Production, and First Set of Requests for Admission are due June 27, 2026 — eight days after the noticed deposition. Proceeding with Plaintiff's deposition before those responses are available would result in specific prejudice within the meaning of Foltz v. State Farm Mut. Auto.

6

Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). The outstanding discovery addresses core factual matters — Defendant's communication practices during redeployment, the routing of the exemption denial, and the notice Plaintiff received — that will be the direct subject of Plaintiff's deposition testimony. Plaintiff cannot adequately prepare to testify on these issues without first reviewing Defendant's responses. A brief continuance of approximately two to three weeks to allow Plaintiff to review those responses before testifying is a modest accommodation that serves the interests of fairness without imposing any prejudice on Defendant.

**B. A Brief Continuance Will Not Prejudice Defendant**

Plaintiff requests only a brief continuance — from June 19 to a date after June 27, 2026. Fact discovery does not close until September 25, 2026. Trial is not until May 10, 2027. A brief continuance of approximately two to three weeks causes no prejudice to Defendant and preserves the fairness of the deposition process for both parties.

**C. In the Alternative the Court Should Order Remote Deposition Under FRCP 30(b)(4)**

Federal Rule of Civil Procedure 30(b)(4) expressly authorizes the Court, in its discretion, to order that a deposition be taken by remote means. Plaintiff respectfully invokes that authority here as an alternative form of relief.

Plaintiff resides in Patterson, California — approximately 80 miles from Defendant's counsel's offices at 560 Mission Street, San Francisco. Plaintiff is a pro se litigant who has been without stable employment since his wrongful termination on January 10, 2022. Requiring Plaintiff to

7

travel to San Francisco for a deposition imposes financial and logistical burden that a remote deposition via Zoom would eliminate entirely. As of the filing of this motion Defendant had not responded to Plaintiff's request for a remote deposition.

Defendant has identified no particularized prejudice that would result from conducting Plaintiff's deposition remotely. A Zoom deposition allows complete examination, real-time observation of the witness, and full participation by all counsel. Courts in this District have granted motions under Rule 30(b)(4) to reduce litigation costs and logistical burden. See Guillen v. Bank of America Corp., No. C 10-05825 EJD (PSG), Order Granting-in-Part Plaintiff's Ex Parte Motion for Administrative Relief (N.D. Cal. Dec. 27, 2011).

**D. Defendant's Complete Non-Response Supports a Finding of Good Cause**

Plaintiff made a written attempt to resolve this issue without Court intervention on June 2, 2026. Defendant's counsel did not respond. Defendant did not propose alternative dates. Defendant did not address the scheduling concern. Defendant did not engage in any effort to resolve this dispute cooperatively. Under FRCP 26(c)(1) a movant must certify that it has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Plaintiff made that attempt. Defendant's complete non-response is itself a factor the Court may consider in evaluating this motion.

United States District Court

8

United States District Court

## V. RELIEF REQUESTED

For the foregoing reasons Plaintiff respectfully requests that the Court issue an order providing one or more of the following forms of relief:

- Pursuant to Federal Rule of Civil Procedure 26(c) directing that Plaintiff's deposition not proceed on June 19, 2026;

- Pursuant to Federal Rule of Civil Procedure 26(c) directing that Plaintiff's deposition be rescheduled to a mutually agreeable date after June 27, 2026 when Defendant's responses to Plaintiff's outstanding discovery will be available for Plaintiff's review;

- Directing that the parties meet and confer regarding a mutually agreeable deposition date, time, and format within ten days of this Order; and

- In the alternative, pursuant to Federal Rule of Civil Procedure 30(b)(4), ordering that the deposition — whether on June 19 or any rescheduled date — be conducted via Zoom videoconference or other remote means, given Plaintiff's residence approximately 80 miles from Defendant's counsel's offices, Plaintiff's pro se status and financial hardship, and Defendant's non-response to Plaintiff's remote deposition request.

Plaintiff further respectfully requests that the Court note Defendant's failure to respond to Plaintiff's June 2, 2026 written request to reschedule.

United States District Court

Respectfully submitted,

Dated: June 7, 2026

_F. K. McD.(signature)_
_____

**FRANK A. McDOWELL**

Plaintiff, Pro Se

1456 Henley Pkwy

Patterson, CA 95363

(510) 725-9668

bpsinvest@yahoo.com