SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Sean T. Strauss (SBN 245811)
sstrauss@seyfarth.com
Galen P. Sallomi (SBN 306743)
gsallomi@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK A. MCDOWELL,

　　　　　Plaintiff,

　　　v.

KAISER FOUNDATION HOSPITALS, d/b/a
KAISER PERMANENTE,

　　　　　Defendant.

Case No. 3:25-cv-08499-RFL

**DEFENDANT KAISER FOUNDATION HOSPITALS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONDUCT DEPOSITION REMOTELY [DKT. #37, 40]**

Complaint Filed: October 6, 2025
FAC Filed:　　　May 26, 2026

Trial Date:　　　May 10, 2027

RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION　　　　　CASE NO. 3:25-CV-08499-RFL

Defendant Kaiser Foundation Hospitals ("KFH") hereby responds to Plaintiff Frank A. McDowell's Administrative Motion to Conduct Deposition Remotely [Dkt. #37] (the "Administrative Motion") as directed by the Court [Dkt. #40].

Plaintiff Frank A. McDowell ("Plaintiff") makes two requests in the Administrative Motion: to (1) reschedule the date of his deposition; and (2) have his deposition taken remotely.

The scheduling issue is moot, as KFH has already agreed to reschedule Plaintiff's deposition. There is no good cause to grant Plaintiff's request for a remote deposition. KFH properly noticed Plaintiff's deposition in-person in accordance with the Federal Rules of Civil Procedure at a location that is approximately 1.5 miles from this Court, the venue Plaintiff chose to bring his lawsuit against KFH. The Court should thus deny Plaintiff's request for entry of a protective order requiring his remote deposition.

## I.    KFH PROPERLY NOTICED AN IN-PERSON DEPOSITION TO OCCUR IN SAN FRANCISCO

On April 10, 2026, KFH noticed Plaintiff's deposition for June 19, 2026, at Seyfarth Shaw, 560 Mission Street, Suite 3100, San Francisco. The location sits about 1.4 miles from the San Francisco Courthouse for the Northern District of California, and just on the other side of the San Francisco Bay from Plaintiff's former worksite in Oakland, California.

Federal Rule of Civil Procedure 30 permits this notice. A party need only specify the "time and place" of examination. Fed. R. Civ. P. 30(b)(1). The Federal Rules of Civil Procedure impose no geographic limitation on the location of a party's deposition. Federal Rule of Civil Procedure 45's 100-mile limit applies only to nonparties (*see* Fed. R. Civ. P. 45(c)) and, in any event, the deposition location in San Francisco is less than 100 miles from Plaintiff's residence (*see* Administrative Motion at p. 4 ["Plaintiff resides in Patterson, California – approximately 80 miles from [KHF]'s counsel's offices in San Francisco."]).

## II.    KFH HAS ALREADY AGREED TO CONTINUE PLAINTIFF'S DEPOSITION DATE

On June 2, 2026, Plaintiff sent an email requesting that KFH continue his noticed deposition for date after June 27, 2026. Before KFH had a chance to respond, Plaintiff filed the Administrative Motion. This issue is moot because KFH has already agreed to reschedule Plaintiff's deposition.

1

### III.  NO GOOD CAUSE EXISTS TO VEER FROM THE FEDERAL RULES, WHICH PERMIT KFH TO TAKE PLAINTIFF'S DEPOSITION IN-PERSON

The Federal Rules of Civil Procedure are clear, the noticing party has the right to select the deposition location. *See Bella+Canvas, LLC v. Fountain Set Ltd.,* No. 2:21-cv-00758-ODW-MAA, 2022 WL 3697358, at *11 (C.D. Cal. June 29, 2022) ("Rule 30 is silent regarding the place of depositions, allowing the noticing party to select the specific location unilaterally."). A party opposing the noticed location must show "good cause" for entry of a protective order. *See* Fed. R. Civ. P. 26(c)(1). For good cause to exist as to the location of a proposed deposition, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Snyder v. Alight Sols., LLC,* No. 8:21-cv-00187-CJC-KESX, 2021 WL 6103182, at *1 (C.D. Cal. Sept. 21, 2021) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)); *Cadent Ltd. v. 3M Unitek Corp.,* 232 F.R.D. 625, 629 (C.D. Cal. 2005).

No good cause exists to order Plaintiff be deposed remotely. KFH properly noticed Plaintiff for an in-person deposition pursuant to Federal Rule of Civil Procedure 30. The location selected by KFH is reasonable and, in fact, just 1.5 miles away from the San Francisco Courthouse of the United States District Court for the Northern District of California, where Plaintiff chose to bring suit. A party who files suit must bear the ordinary burdens of litigating there, including appearing for deposition near the courthouse where the suit is pending. *See Fenerjian v. Nong Shim Co., Ltd,* No. 3:13-cv-04115-WHO, 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016) ("Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there.").

The only "burden" Plaintiff asserts in the Administrative Motion is traveling to San Francisco from his residence, but the distance is modest. Plaintiff claims he lives "approximately 80 miles from [KFH]'s counsel's offices in San Francisco." Administrative Motion at p. 4. According to Google maps, this drive would take about an hour and a half. Notably, Plaintiff states he works as a truck driver – an occupation that presumably and regularly involves long-distance travel. The distance alone thus does not establish any prejudice, let alone specific prejudice.

2

Plaintiff's claim to financial prejudice is entirely unsupported. He asserts "unstable employment" but the Administrative Motion offers no detail or support about his income, assets, or purported inability to travel. Depositions are a normal part of litigation, and the resulting cost to appear for a deposition is a reasonable and expected cost of litigation. Plaintiff cannot be excused from whatever minimal travel costs he might incur to attend his deposition in-person, as it is *he* who has chosen to bring this lawsuit and he must accordingly bear the costs associated with his decision.

Asking Plaintiff to attend an in-person deposition within the District where his case is pending is entirely reasonable. Indeed, courts have required plaintiffs to travel far greater distances. For example, in *Clem v. Allied Van Lines International Corp.* 102 F.R.D. 938 (S.D.N.Y. 1984), the court required a plaintiff to travel from Dubai to New York for his deposition and found no undue burden despite a $3,000 cost—which is equivalent to about $10,000 today. *See id.,* at 940; *see also Yoon v. Intuit Inc.,* No. 5:25-cv-03469-BLF, 2026 WL 145956, at *2 (N.D. Cal. Jan. 20, 2026) (denying motion to remotely conduct deposition of a plaintiff domiciled in Texas in part because the plaintiff failed to meet his "burden to show good cause why the Court should require Intuit to take his deposition by remote means."); *United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 628 (S.D. Cal. 2001) (denying protective order requesting that party depositions be taken in Pakistan when "[c]laimants attempt no showing of inability to afford that expenditure" of travel from Pakistan to United States for deposition and trial).

The Federal Rules of Civil Procedure permit KFH to take Plaintiff's deposition in-person. The only boundaries imposed by the Rules apply to non-parties – understandably, as non-parties have not chosen to inject themselves in litigation by bringing a lawsuit, unlike a plaintiff – but even then the location at which KFH has noticed Plaintiff's deposition falls within those boundaries. See F.R.C.P. 45(c) (100 mile limitation applicable to ***non-parties***). The Administrative Motion thus fails to advance sufficient justification for entry of a protective order regarding the location of Plaintiff's deposition.

## IV.     KFH WOULD BE PREJUDICED BY PLAINTIFF'S REMOTE DEPOSITION

Federal Rule of Civil Procedure 30(b)(4) allows a remote deposition only by stipulation or court order. Plaintiff must show a particularized need, not mere convenience, to obtain a protective order to compel KFH to take a remote deposition when it noticed an in-person deposition. *See Phillips ex rel.*

3

*Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-1211 (9th Cir. 2002) (The party seeking protection bears the burden of showing good cause, that is, specific prejudice or harm that will result if no protective order is granted). *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004) (demonstrating good cause under Rule 26 is a heavy burden.). Plaintiff offers none.

KFH, by contrast, has strong reasons to proceed in-person and would be substantially prejudiced if forced to conduct Plaintiff's deposition remotely. In-person questioning allows clearer evaluation of demeanor, responsiveness, and credibility. *See, e.g., People Center, Inc., v. Deel, Inc.,* No. 3:25-cv-02576-CRB, 2026 WL 1628696, at *1 (N.D. Cal. June 5, 2026) ("Though a party may sometimes obtain meaningful and accurate testimony through a remote video deposition, there is, to a degree, a diminished capacity to assess a witness's credibility."); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 3:14-cv-03078-JSC, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015) (denying request that deposition be conducted by videoconference in part because deposition by remote means prejudices ability to assess a witness's credibility). The value available from in-person contact cannot reasonably be disputed.

Additional prejudice attributable to a remote deposition relates to and arises from Plaintiff's pro se status. Remote settings significantly increase the risk that a pro se deponent, like Plaintiff, improperly consults notes, third parties, or outside tools (including AI tools) without disclosure. KFH's counsel can also present and manage documents more efficiently at an in-person deposition. These concerns carry particular weight where, as is the case here, Plaintiff proceeds without counsel and conducts a remote deposition at home with home equipment. *See, e.g., Williams v. Camden USA Inc.*, No. 3:19-cv-691-AJB-AHG, 2021 WL 3022675, at *3 (S.D. Cal. July 15, 2021) ("Plaintiff has not refuted Defendant's concerns regarding disadvantages of videoconference depositions of key witnesses, such as the possibility of someone off-camera providing verbal and non-verbal cues to the deponent, the possibility of referring to other materials during the deposition, and limitations on counsel's ability to assess demeanor and credibility. [Citation]. The Court finds Defendant's argument persuasive, and other courts in this circuit have addressed similar issues and have likewise denied requests for videoconference depositions of key witnesses.") (citing cases); *Natural-Immunogenics Corp. v. Newport Trial Grp.*, No. 8:15-cv-02034-JVS-JCG, 2017 WL 10562990, at *6 (C.D. Cal. Aug. 14, 2017) (denying motion for protective order compelling depositions to proceed by videoconference, in part because "the Quintos are

4

key witnesses in this case. They are [plaintiff]'s principals; they decided to bring this litigation, and they have been actively involved in making litigation decisions, as their counsel have represented. Thus, it is fair to say that their testimony will be controversial, and the tenor of the interactions between the parties and counsel during the depositions may be tense. Videoconference depositions are not suitable for such controversial situations," since counsel would be unable to ascertain if anyone is listening in or coaching the witness). For these reasons, KFH would be significantly prejudiced if forced to take Plaintiff's deposition remotely.

## V.    CONCLUSION

There is no good cause to permit Plaintiff's deposition to take place remotely. KFH timely and duly noticed Plaintiff's deposition in accordance with the Federal Rules of Civil Procedure, and noticed Plaintiff's deposition for a location roughly 1.5 miles from the Court where this case is pending, a venue chosen by Plaintiff. It is not only reasonable, but expected, that Plaintiff should travel to San Francisco for his deposition. Plaintiff shows only inconvenience related to traveling to San Francisco for his deposition, which is insufficient to establish good cause or warrant an issuance of a protective order. KFH thus respectfully requests the Court deny the Administrative Motion and require Plaintiff to personally appear for a deposition held in San Francisco on a mutually-agreeable date.

DATED: June 11, 2026                              Respectfully submitted,

                                                  SEYFARTH SHAW LLP

                                                  By:  *Sean T. Strauss*
                                                       Christian J. Rowley
                                                       Sean T. Strauss
                                                       Galen P. Sallomi

                                                  Attorneys for Defendant
                                                  KAISER FOUNDATION HOSPITALS

5

RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION                    CASE NO. 3:25-CV-08499-RFL