Frank A. McDowell
1456 Henley Pkwy
Patterson, CA 95363
Email: bpsinvest@yahoo.com
Tel: (510) 725-9668
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

FRANK A. McDOWELL,
   Plaintiff,
v.
KAISER FOUNDATION HOSPITALS, d/b/a
KAISER PERMANENTE,
   Defendant.

**Case No. 3:25-cv-08499-RFL**

**PLAINTIFF'S REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONDUCT DEPOSITION REMOTELY**

**Honorable Rita F. Lin**
**United States District Judge**

## I. INTRODUCTION

Plaintiff Frank A. McDowell respectfully submits this reply to Defendant Kaiser Foundation Hospitals' Opposition to Plaintiff's Administrative Motion to Conduct Deposition Remotely [Dkt. 41]. Defendant's opposition rests on generalized assertions about credibility assessment and speculative concerns about a pro se litigant's use of technology — precisely the kind of arguments that federal courts in 2025 have consistently found insufficient to compel in-person attendance when a party has demonstrated particularized hardship. Defendant's preference for an in-person deposition does not establish the specific prejudice required to override Plaintiff's showing of good cause under Federal Rule of Civil Procedure 26(c)(1).

United States District Court

## II. DEFENDANT'S GENERALIZED CREDIBILITY CONCERNS DO NOT ESTABLISH PREJUDICE

Defendant's primary argument is that in-person depositions allow better assessment of demeanor and credibility. This precise argument has been considered and rejected by federal courts as an insufficient basis to deny a remote deposition. As courts have consistently recognized in 2025, a party's expressed preference for in-person questioning based on credibility assessment constitutes a generalized statement that does not establish the specific prejudice required under Rule 26(c)(1). A party opposing a remote deposition must make a particularized showing of prejudice — not merely assert a preference for the traditional format.

Defendant cites People Center, Inc. v. Deel, Inc., No. 3:25-cv-02576-CRB, 2026 WL 1628696 (N.D. Cal. June 5, 2026), for the proposition that remote depositions create a diminished capacity to assess credibility. Defendant omits the critical context — that observation was made in a case involving represented commercial parties with equal litigation resources. It was not made in the context of an individual pro se plaintiff proceeding against a corporate defendant represented by three Seyfarth Shaw attorneys with full institutional support. The equities presented in that case are not comparable to the equities here.

Furthermore, the Judicial Conference Committee on Rules of Practice and Procedure published proposed amendments to the Federal Rules of Civil Procedure in August 2025 that explicitly recognize remote testimony as a standard and established practice in federal litigation — directly reflecting the trend away from treating in-person depositions as a default right of the noticing party.

United States District Court

Plaintiff respectfully submits that Defendant's opposition identifies no specific aspect of this deposition that requires in-person examination and no case-specific prejudice that cannot be addressed through reasonable conditions governing a remote proceeding. Defendant does not contend that exhibits cannot be exchanged electronically, that technology is unavailable, that witnesses or interpreters require physical presence, or that Plaintiff has engaged in any conduct suggesting an inability to comply with the rules governing deposition testimony. Rather, Defendant relies upon generalized preferences regarding credibility assessment and speculative concerns about potential misuse of technology. Such generalized concerns, without a showing of particularized prejudice unique to this case, do not outweigh the substantial and unnecessary burden imposed by requiring a self-employed pro se litigant to forfeit a full day of income when the same discovery can be obtained through a properly monitored remote deposition.

## III. DEFENDANT'S AI TOOLS CONCERN IS SPECULATIVE AND ADDRESSABLE BY CONDITIONS

Defendant argues that a remote deposition creates risk that Plaintiff may consult AI tools or outside resources without disclosure. This concern is speculative, unsupported by any factual basis specific to this case, and addressable through conditions that courts routinely impose — not through outright prohibition of remote proceedings.

Plaintiff is willing to stipulate to the following conditions for the remote deposition: (1) Plaintiff's camera remains on and fully visible throughout the entire deposition; (2) Plaintiff confirms on the

record at the outset that he is alone in the room; (3) Plaintiff confirms on the record that no other applications are open on his device; (4) Plaintiff's screen is available for share upon Defendant's request at any time; and (5) Plaintiff confirms on the record that he has no earpiece or other communication device in use.

These conditions directly address every concern Defendant raises. If Defendant believed these conditions were insufficient it was obligated to propose alternatives rather than seek outright denial. It did not do so. A party cannot defeat a remote deposition request simply by raising speculative concerns when practical conditions exist that address those concerns.

Defendant's AI tools argument also reflects a fundamental inequity that this Court should consider. Defendant is represented by three attorneys from one of the nation's largest employment defense firms — attorneys who have access to Westlaw, LexisNexis, AI-assisted legal research platforms, paralegals, and full litigation support infrastructure. The Federal Rules impose no restriction on the research tools available to either party in preparing for or conducting a deposition. What is prohibited is undisclosed coaching during testimony — a prohibition that applies equally to all parties and that the conditions above directly and specifically address. Plaintiff's use of available research tools to prepare his case is no different in kind from Defendant's use of its institutional resources to prepare its case.

Notably, this Court's own Standing Order for Civil Cases addresses the use of generative artificial intelligence tools directly and confirms that such use is not prohibited for any party — including self-represented litigants — provided the party takes responsibility for the accuracy of the work

product. Defendant's argument that Plaintiff's potential use of such tools warrants denial of a remote deposition is therefore inconsistent with the very Standing Order governing this case.

## IV. PLAINTIFF'S HARDSHIP IS PARTICULARIZED AND REAL

Defendant dismisses Plaintiff's financial hardship argument because it was not supported with specific documentation in the original motion. Plaintiff addresses that deficiency here.

Plaintiff is a self-employed owner-operator truck driver. A full day dedicated to traveling to and from San Francisco for an in-person deposition represents a complete loss of operating revenue for that day. The round trip from Patterson, California to San Francisco — approximately three hours of driving — plus the full duration of the deposition constitutes a complete working day that generates no income. Unlike a salaried employee who receives compensation regardless of court appearances, a self-employed operator earns nothing on days he is not operating his business. This is not mere inconvenience. It is direct, documented financial loss specific to Plaintiff's circumstances.

Defendant argues that Plaintiff's occupation as a truck driver demonstrates he is accustomed to travel and therefore cannot claim hardship from driving to San Francisco. This argument inverts the hardship analysis. Plaintiff drives commercially to earn income. Driving to San Francisco for a deposition does not generate income — it eliminates it for that entire day. The fact that Plaintiff is capable of driving does not mean that compelling him to drive for purposes of litigation at the direct cost of his daily operating revenue is without prejudice. Courts have recognized that a

finding of hardship shifts the burden to the party demanding in-person attendance to demonstrate specific prejudice from remote proceedings. Defendant's opposition does not meet that burden.

## V. THE INSTITUTIONAL IMBALANCE WEIGHS IN FAVOR OF REMOTE PROCEEDINGS

This case presents a significant and undeniable resource disparity. Plaintiff is a self-employed pro se individual who sustained himself through owner-operator trucking following his termination four and a half years ago. Defendant is represented by three attorneys from Seyfarth Shaw LLP — one of the nation's largest employment defense firms — operating from offices at 560 Mission Street in San Francisco. Compelling Plaintiff to travel to San Francisco for an in-person deposition conducted at Defendant's own counsel's offices compounds this disparity without any corresponding benefit that the remote deposition conditions Plaintiff proposes cannot address. Remote depositions are the standard practice of modern federal litigation. The Northern District of California has embraced remote proceedings across all aspects of case management. Defendant's insistence on in-person attendance based on generalized credibility preferences and speculative technology concerns — each of which is directly addressed by Plaintiff's proposed conditions — does not rise to the level of specific prejudice that Rule 26(c)(1) requires. The Court should grant Plaintiff's motion and order the deposition to be conducted remotely via Zoom or a comparable videoconferencing platform subject to the conditions set forth herein.

6

United States District Court

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Administrative Motion and order that Plaintiff's deposition be conducted remotely via Zoom or a comparable videoconferencing platform, subject to the following conditions: (1) Plaintiff's camera remains on throughout; (2) Plaintiff confirms on the record he is alone in the room; (3) Plaintiff confirms no other applications are open; (4) Plaintiff's screen is available for share upon request; and (5) Plaintiff confirms no earpiece or communication device is in use. These conditions fully address Defendant's stated concerns while relieving Plaintiff of the documented financial burden of in-person travel.

Respectfully submitted,

Dated: June 11, 2026

FRANK A. McDOWELL
Plaintiff, Pro Se
1456 Henley Pkwy
Patterson, CA 95363
(510) 725-9668
bpsinvest@yahoo.com

7

**PROOF OF SERVICE**

I, Frank A. McDowell, declare as follows:

I am the Plaintiff in the above-captioned action. On June 11, 2026, I served the foregoing PLAINTIFF'S REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONDUCT DEPOSITION REMOTELY on the following parties via the method indicated below:

Christian J. Rowley (crowley@seyfarth.com)
Sean T. Strauss (sstrauss@seyfarth.com)
Galen P. Sallomi (gsallomi@seyfarth.com)
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Attorneys for Defendant Kaiser Foundation Hospitals

[ X ] Via Electronic Filing (CM/ECF), which will send notification of such filing to the email addresses registered for the above counsel of record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 11, 2026, at Patterson, California.

FRANK A. McDOWELL
Plaintiff, Pro Se

8