SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Sean T. Strauss (SBN 245811)
sstrauss@seyfarth.com
Michael W. Stevens (SBN 258042)
mstevens@seyfarth.com
Galen P. Sallomi (SBN 306743)
gsallomi@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK A. MCDOWELL,<br><br>              Plaintiff,<br><br>     v.<br><br>KAISER FOUNDATION HOSPITALS, d/b/a KAISER PERMANENTE,<br><br>              Defendant. | Case No. 3:25-cv-08499-RFL<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant KAISER FOUNDATION HOSPITALS ("KFH") hereby answers the First Amended Complaint ("Complaint") filed by plaintiff FRANK A. MCDOWELL ("Plaintiff") in the above-captioned matter on Mary 26, 2026 [Dkt. #32]. The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in the Complaint. To the extent allegations within the Complaint are not expressly admitted, they are hereby denied.

## I.   UNNUMBERED INTRODUCTORY PARAGRAPHS

The first unnumbered introductory paragraph contains legal conclusions to which no response is required. To the extent a response is required, KFH admits that the complaint is brought by Plaintiff against KFH and asserts three causes of action.

The second unnumbered introductory paragraph contains legal conclusions to which no response is required. To the extent a response is required, KFH admits that Plaintiff submitted a religious exemption request from the Vaccination Policy, that it evaluated Plaintiff's request, that it denied Plaintiff's request, that it communicated that denial to Plaintiff, and that it terminated Plaintiff's redeployment effective January 10, 2022. KFH is without knowledge or information sufficient to form a belief as to the first sentence of this paragraph and on that basis denies those allegations. KFH denies the remaining allegations in this paragraph not expressly admitted.

## II.   PARTIES

1. KFH admits that Plaintiff was employed by KFH. KFH admits that Plaintiff was notified that his position was eliminated and that he would be, and was, placed in a redeployment program from approximately March 9, 2020 through September 30, 2023. KFH admits that some employees communicated with Plaintiff during the redeployment period using his personal email address, among other methods. KFH denies the remaining allegations in Paragraph 1 not expressly admitted.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, KFH admits that it is a California nonprofit, that it employed Plaintiff, and that it operates hospitals and healthcare facilities in California, including within the Northern District of California. KFH denies the remaining allegations in Paragraph 2 not expressly admitted.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 3.

1

## III.    JURISDICTION AND VENUE

4.    Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, KFH admits that this Court has jurisdiction over this case. KFH denies any remaining allegations in Paragraph 4 not expressly admitted.

5.    Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, KFH admits that venue is proper in this Court. KFH denies any remaining allegations in Paragraph 5 not expressly admitted.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    KFH is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 6 and on that basis denies those allegations.

7.    KFH admits that this action was filed on October 6, 2025. KFH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and on that basis denies those allegations. KFH denies any remaining allegations in Paragraph 7 not expressly admitted.

8.    Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, KFH admits that it extended formal reinstatement offers to Plaintiff on numerous dates, including on March 3, 2025. KFH denies the remaining allegations in Paragraph 8 not expressly admitted.

9.    Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 9.

10.    Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 10.

## V.    FACTUAL ALLEGATIONS

### A.    Plaintiff's Employment and Redeployment

11.    KFH admits that it initially hired Plaintiff on or around December 15, 1989. KFH denies the remaining allegations in Paragraph 11 not expressly admitted.

12.    KFH admits that effective March 9, 2020, the Oakland Pharmacy Distribution Warehouse was closed. KFH admits Plaintiff and other employees were laid off and placed in a redeployment

2

program from approximately March 9, 2020 through September 30, 2023. KFH admits that some employees communicated with Plaintiff during the redeployment period using his personal email address, among other methods. KFH denies the remaining allegations in Paragraph 12 not expressly admitted.

13.    KFH admits that some employees communicated with Plaintiff during the redeployment period using his personal email address, among other methods. KFH denies the remaining allegations in Paragraph 13 not expressly admitted.

14.    KFH is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies any those allegations.

**B.    Plaintiff's Sincerely Held Religious Beliefs**

15.    KFH is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 15 and on that basis denies those allegations.

16.    KFH admits that Plaintiff submitted a religious exemption request from the Vaccination Policy. KFH is without knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 16 and on that basis denies those allegations. KFH denies any remaining allegations in this Paragraph 16 not expressly admitted.

17.    KFH denies the allegations in Paragraph 17.

**C.    The Exemption Request, Kaiser's Missed Deadline, and the Pattern of Communication Failures**

18.    KFH admits that Plaintiff submitted a religious exemption request from the Vaccination Policy. KFH admits that it acknowledged receipt of Plaintiff's exemption request. KFH denies the remaining allegations in Paragraph 18 not expressly admitted.

19.    KFH denies the allegations in Paragraph 19.

20.    KFH denies the allegations in Paragraph 20.

21.    KFH admits that it denied Plaintiff's exemption request and that it informed him and his supervisor of this denial. KFH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and on that basis denies those allegations.

22.    KFH denies the allegations in Paragraph 22.

3

23.    KFH admits that Plaintiff contacted the national human resources hotline on December 29, 2021. KFH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and on that basis denies those allegations.

24.    KFH admits that some employees communicated with Plaintiff using his personal email address, among other methods. KFH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and on that basis denies those allegations.

**D.    Physical Impossibility of Compliance and Failure of Interactive Process**

25.    Paragraph 25 contains legal argument to which no response is required. To the extent a response is required, KFH denies any allegations in Paragraph 25.

26.    Paragraph 26 contains legal conclusions and argument to which no response is required. To the extent a response is required, KFH denies any allegations in Paragraph 26.

27.    KFH is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 27 and on that basis denies those allegations.

28.    KFH denies the allegations in Paragraph 28.

**E.    Wrongful Termination and the Retirement Deflection**

29.    KFH admits that Plaintiff's redeployment was terminated effective January 10, 2022 and that Plaintiff filed a union grievance on or around that date. KFH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and on that basis denies those allegations.

30.    KFH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and on that basis denies those allegations.

31.    KFH is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies those allegations.

F.    Grievance Proceedings and Reinstatement Offer

32.    KFH admits that it extended formal reinstatement offers to Plaintiff on numerous dates, including on March 3, 2025. KFH denies the remaining allegations in Paragraph 32 not expressly admitted.

4

**G.    Economic Damages**

33.    Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 33

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Religious Discrimination  in Violation of Title VII

### 42 U.S.C. § 2000e-2(a) – Against Defendant

34.    KFH restates its answers in all of the paragraphs above as if fully stated herein.

35.    Paragraph 35 is a purported recitation of the law to which no response is required.

36.    KFH is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies those allegations.

37.    Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 37.

38.    Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 38.

39.    Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 39.

## SECOND CAUSE OF ACTION

### Failure to Accommodate Sincerely Held Religious Beliefs

### Title VII, 42 U.S.C. § 2000e(j); FEHA, Cal. Gov. Code § 12940(l) – Against Defendant

40.    KFH restates its answers in all of the paragraphs above as if fully stated herein.

41.    Paragraph 41 is a purported recitation of the law to which no response is required.

42.    KFH admits that Plaintiff submitted a request for a religious exemption from the Vaccination Policy. KFH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and on that basis denies those allegations. KFH denies the remaining allegations in Paragraph 42 not expressly admitted.

43.    Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 43.

5

44.     Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 44.

45.     Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 45.

46.     Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 46.

**THIRD CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**FEHA, Cal. Gov. Code §§ 12940 et seq.; Tameny v. Atlantic Richfiled Co., 27 Cal. 3d 167 (1980) –**

**Against Defendant**

**AGAINST DEFENDANT KAISER FOUNDATION HOSPITALS**

47.     KFH restates its answers to all of the paragraphs above as if fully stated herein.

48.     Paragraph 48 is a purported recitation of the law to which no response is required.

49.     Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 49.

50.     Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 50.

51.     Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 51.

52.     Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, KFH denies the allegations in Paragraph 52.

**VII.    PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief, and each sub-part therein, consists of legal conclusions and statements regarding the relief sought by Plaintiff to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in the Prayer for Relief and each sub-part therein.

6

## VII.    DEMAND FOR JURY TRIAL

Plaintiff's Demand for Jury Trial on all issues consists of legal conclusions and statements regarding the relief sought by Plaintiff to which no response is required.

## DEFENDANT'S ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation. With respect to Plaintiff's claims under the California Fair Employment and Housing Act ("FEHA"), Plaintiff failed to timely file an administrative charge with the California Civil Rights Department (formerly DFEH) within the period prescribed by California Government Code section 12960(e), and/or failed to timely file this civil action following the issuance of a right-to-sue notice as required by Government Code section 12965(b). With respect to Plaintiff's claims under Title VII of the Civil Rights Act of 1964, Plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the time required by 42 U.S.C. § 2000e-5(e)(1), and/or failed to commence this action within ninety (90) days of receipt of any right-to-sue notice as required by 42 U.S.C. § 2000e-5(f)(1). To the extent Plaintiff asserts a claim for wrongful termination in violation of public policy, such claim is barred by the applicable statute of limitations, including but not limited to the two-year limitations period set forth in California Code of Civil Procedure section 335.1, and/or any other applicable limitations period. Plaintiff's claims are further barred because Plaintiff failed to comply with mandatory administrative prerequisites, including the timely exhaustion of administrative remedies, which is a jurisdictional prerequisite to suit for FEHA and Title VII claims. By reason of the foregoing, and because there is no basis to toll any statute(s) of limitation, Plaintiff's claims are time-barred, Plaintiff is not entitled to any relief, and the Complaint should be dismissed with prejudice.

7

## SECOND AFFIRMATIVE DEFENSE

## (Failure to State a Claim for Relief)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

## (LMRA Preemption)

Plaintiff's claims are preempted in whole or in part by Section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent that the resolution of such claims depends on interpretation of provisions of any and all collective bargaining agreements, side letters, or national agreements between Plaintiff's employer and any labor organization.

## FOURTH AFFIRMATIVE DEFENSE

## (NLRA Preemption)

The Complaint, and each purported cause of action alleged therein, is preempted by sections 7 and 8 of the National Labor Relations Act (29 U.S.C. section 151 et seq.) to the extent that the resolution of such claims depends on interpretation of provisions of any and all collective bargaining agreements, side letters, or national agreements between Plaintiff's employer and any labor organization.

## FIFTH AFFIRMATIVE DEFENSE

## (Preemption by Federal Law)

Defendant is not liable for any causes of action based on California law because California law is preempted by federal law as applied to Defendant pursuant to regulations promulgated by the Centers for Medicare and Medicaid.

## SIXTH AFFIRMATIVE DEFENSE

## (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver. Plaintiff, by his own conduct and actions, has waived the right, if any, to assert the claims alleged in the Complaint.

8

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent/Authorization)**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the alleged conduct of Defendant was approved, consented to, and/or authorized by Plaintiff through his actions, omissions, and course of conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages. To the extent that Plaintiff suffered any damages as a result of the facts alleged in his Complaint, Defendant denies Plaintiff is entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred. By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Comparative Fault)**

Plaintiff was at fault in how he conducted his affairs relative to the allegations advanced in the Complaint and such fault caused or contributed to the damages complained of in this case.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Take Advantage of Preventative/**

**Corrective Opportunities/Avoidable Consequences)**

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm. To the extent Plaintiff suffered any alleged harm,

9

Plaintiff's reasonable use of such procedures would have prevented all, or part, of the harm allegedly suffered by Plaintiff. Accordingly, Plaintiff's claims are barred or, alternatively, his relief is limited.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel and Res Judicata)

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of collateral estoppel and res judicata.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Plead With Particularity)

Any claim for emotional and mental distress should be stricken because Plaintiff has failed to plead with particularity any facts supporting such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

People or entities other than Defendant caused or contributed to the damages Plaintiff claims to have suffered. Therefore any award made in favor of Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation for Emotional Distress)

Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff has not alleged any tangible or medical evidence of emotional distress as a result of any conduct alleged in the Complaint. Alternatively, to the extent that any alleged emotional distress is alleged by Plaintiff, it was caused by a collateral source other than Defendant.

10

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Factors)

Plaintiff may not obtain the relief requested in his Complaint because any adverse employment actions taken against his were based on legitimate, non-discriminatory and/or non-retaliatory factors and not any protected characteristic.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Proper Exercise of Management Discretion)

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for fair and honest reasons or belief, in good faith and without malice.

## NINETEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's claims are barred, or he is precluded from recovering damages, to the extent that Defendant learn through after-acquired evidence that he engaged in any fraud or other misconduct that, if known, would have caused Plaintiff to be terminated.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Undue Hardship)

Plaintiff's Complaint is barred because Plaintiff's alleged religious belief could not be accommodated without undue hardship to Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Same Decision)

To the extent that Plaintiff demonstrates his protected status was a substantial motivating factor for any challenged employment action, Defendant would have taken the same action absent the substantial motivating factor. As a result, the court may not award Plaintiff damages, back pay, or order reinstatement.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Compliance with Applicable Law)

Plaintiff's claims are barred, in whole or in part, because Defendant acted in compliance with all laws, governing regulations, and industry standards in effect at all relevant times.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's causes of action are barred to the extent he has failed to timely exhaust his administrative remedies and/or procedural remedies as required by California law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Contractual Remedies)

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust the remedies provided by any collective bargaining agreement, side letter, national agreement, or similar document between Defendant and any labor organization.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset)

To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, by any award he receives here for the same injury.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages - Due Process)

Plaintiff's claims, to the extent they seek exemplary or punitive damages, violate Defendant's constitutional rights, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16, of the California Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages - Lack of Malice/Kolstad Defense)

Assuming, arguendo, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or

12

callous motive by Defendant. Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent those decisions were contrary to policies instituted against wrongful conduct including policies and good faith enforcement of rules prohibiting harassment, retaliation, and discrimination.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Interactive Process - Lack of Good Faith)

Plaintiff's claims are barred in whole or part to the extent Plaintiff failed to make a good faith effort to engage in the interactive process.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure/Refusal to Engage in Interactive Process)

Any alleged failure or breakdown in the interactive process was the result of Plaintiff's failure to cooperate and/or participate in the process in good faith and not the fault of Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims, in whole or part, are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure section 335.1, California Government Code section 12960, and 42 U.S.C. section 2000e-5(e)(1), and all other applicable laws.

## RESERVATION OF RIGHTS

KFH presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses. KFH reserves the right to assert additional defenses in the event that discovery or investigation indicates that such defenses would be appropriate.

## PRAYER

WHEREFORE, KFH prays for judgment as follows:

1.      That Plaintiff's Complaint be dismissed;

2.      That KFH be awarded its costs in this matter, including, but not limited to, reasonable attorneys' fees as permitted by law; and

3.      That KFH be granted such other and further relief to which it may be entitled.

13

DATED: June 22, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: _Galen P. Sallomi_
    Christian J. Rowley
    Sean T. Strauss
    Galen P. Sallomi

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

14

325501908