United States District Court

Frank A. McDowell
1456 Henley Pkwy
Patterson, CA 95363
Email: bpsinvest@yahoo.com
Tel: (510) 725-9668
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

FRANK A. McDOWELL,
        Plaintiff,
    v.
KAISER FOUNDATION HOSPITALS,
        Defendant.

**Case No. 3:25-cv-08499-RFL**
**Magistrate Judge Ajay S. Krishnan**

**PLAINTIFF'S INDEPENDENT DISCOVERY LETTER BRIEF**
**(Filed Independently Pursuant to Civil Standing Order § 5)**
**I. CERTIFICATION OF NON-JOINT FILING**

The parties conducted a telephonic meet and confer on June 17, 2026, satisfying Civil Standing Order § 5. Plaintiff served Defendant's counsel with a Joint Discovery Letter Brief on June 19, 2026, setting a deadline of June 26, 2026 for Defendant's portion addressing the four disputes below. Defendant did not submit a portion addressing those disputes. Instead, Defendant re-sent its May 15, 2026 correspondence — which predates the June 19 joint letter — and asserted that Plaintiff was 'not authorized' to use or transmit that correspondence, a position with no stated legal basis. No further position has been received from Defendant. Pursuant to Civil Standing Order § 5, providing that '[i]n the rare event parties are unable to file a joint statement, each party may file a separate statement of at most two pages independently,' Plaintiff files this independent statement.

**II. UNRESOLVED DISPUTES**

**1. Interrogatory No. 1 — Identity of Decision-Maker, Case No. 41185253**

Defendant identified a five-member HR committee and in-house and outside counsel, but stated it 'is not possible to determine precisely which of these individuals specifically reviewed or decided' Plaintiff's exemption request, citing volume. Defendant's own privilege log (Entry 1) describes a discrete communication dated 'on or around October 31, 2021,' providing legal advice specifically regarding Plaintiff's exemption request, addressed to the five named committee members — proving a discrete, traceable decision exists. Volume does not excuse Defendant from identifying who acted on a specific, case-numbered request. Proposed compromise: Defendant identify by name and title each person who reviewed or decided Plaintiff's specific request and produce any tracking record, log, or system entry reflecting who acted on it.

United States District Court

**2. Interrogatory No. 4 — False Verified Statement Regarding Email Access**

Defendant's verified response (Maya Fitas, May 4, 2026) states: 'At all times, Plaintiff had access to those email accounts and intranet.' Defendant's verified June 29, 2026 response to RFP No. 14 (Yvette Crespo) states: 'No tracking or access logs are maintained in the ordinary course of business showing when an employee may have accessed its systems.' These two sworn statements cannot both be true. Response No. 4 further relies on redeployment team member Yvette Crespo as a communicator, while Response No. 5 states the redeployment team 'did not have any formal role' in communicating with Plaintiff regarding the Vaccination Policy — an internal contradiction within the same verified document. Proposed compromise: Defendant serve a supplemental verified response reconciling these contradictions or formally withdraw the 'at all times' representation.

**3. RFP No. 4 — Internal Communications Not Produced**

Plaintiff requested all internal communications discussing Plaintiff's exemption or compliance status. Defendant produced only communications between Plaintiff and Defendant — a different, non-overlapping category from communications among Kaiser employees. Defendant's own privilege log, received June 29, 2026, confirms withheld internal communications exist, including a document dated on or around October 31, 2021, addressed to the five committee members named in response to Interrogatory No. 1. Proposed compromise: Defendant produce all non-privileged internal communications regarding Plaintiff's exemption, compliance status, or termination.

**4. RFP No. 6 — Contact Attempt Documents Not Produced**

Plaintiff requested documents reflecting any attempt to contact Plaintiff regarding his exemption or compliance status. Defendant's response was identical to its responses to RFP Nos. 2 and 3, and Defendant's own verified June 29, 2026 response to RFP No. 19 admits Defendant took no steps to confirm Plaintiff received the November 29, 2021 denial before terminating his employment. Proposed compromise: Defendant confirm under oath whether any document exists reflecting any attempt to contact Plaintiff directly — by phone, personal email, or text — between September 21, 2021 and December 29, 2021; if none exist, so state under oath.

**III. RELIEF REQUESTED**

Plaintiff respectfully requests that the Court compel Defendant to serve supplemental verified responses to Interrogatory Nos. 1 and 4 and produce all non-privileged documents responsive to RFP Nos. 4 and 6, or grant such other relief as the Court deems just.

Respectfully submitted,

Dated: July 6, 2026
/s/ Frank A. McDowell
FRANK A. McDOWELL
Plaintiff, Pro Se

2

Frank A. McDowell
1456 Henley Pkwy
Patterson, CA 95363
Email: bpsinvest@yahoo.com
Tel: (510) 725-9668
Plaintiff, Pro Se

**PROOF OF SERVICE**

Case No. 3:25-cv-08499-RFL | McDowell v. Kaiser Foundation Hospitals

I, Frank A. McDowell, declare that on July 6, 2026, I served the foregoing Plaintiff's Independent Discovery Letter Brief on Defendant's counsel of record by electronic mail to the following addresses:

C. Rowley — crowley@seyfarth.com
S. Strauss — sstrauss@seyfarth.com
G. Sallomi — gsallomi@seyfarth.com
M. Stevens — mstevens@seyfarth.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 6, 2026, at Patterson, California.

/s/ Frank A. McDowell

FRANK A. McDOWELL

Plaintiff, Pro Se

United States District Court

3