SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Sean T. Strauss (SBN 245811)
sstrauss@seyfarth.com
Galen P. Sallomi (SBN 306743)
gsallomi@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK A. MCDOWELL,<br><br>             Plaintiff,<br><br>       v.<br><br>KAISER FOUNDATION HOSPITALS, d/b/a KAISER PERMANENTE,<br><br>             Defendant. | Case No. 3:25-cv-08499-RFL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S INDEPENDENT DISCOVERY LETTER BRIEF**<br><br>Complaint Filed:  October 6, 2025<br>FAC Filed:         May 26, 2026<br><br>Trial Date:        May 10, 2027 |

On June 17, 2026, this case was referred to Magistrate Judge Ajay S. Krishnan for discovery purposes. Defendant Kaiser Foundation Hospitals ("KFH") hereby submits the following statement in response to the "Independent Discovery Letter Brief" that plaintiff Frank A. McDowell ("Plaintiff") filed on July 7, 2026. (Dkt No. 47.)[1]

## I.    KFH'S POSITION
### A.    Plaintiff Unilaterally Refused to Include KFH's Position in a Joint Brief

Plaintiff's letter brief misrepresents the meet and confer process and ignores his failure to comply with the Court's standing order. Specifically, on July 2, 2026, KFH sent Plaintiff a draft joint statement and asked Plaintiff to "review and let us know if you have any comments, questions or proposed edits." (*See* Ex. A.) Plaintiff did not respond, and instead unilaterally filed his brief on July 6, 2026. The parties were not "unable" to submit a joint statement, Plaintiff simply chose not to do so.

### B.    KFH Response To Interrogatory No. 1

Interrogatory No. 1 asks KFH to provide the "name and title of each person who reviewed or decided" his religious exemption request from the COVID-19 Vaccination Policy. KFH has already done this. KFH identified the HR committee tasked with reviewing and deciding exemption requests, including Plaintiff's, and also identified the specific outside attorneys who provided privileged legal advice as to Plaintiff's specific exemption request and the in-house attorneys who provided Human Resources with legal advice. KFH has also provided a privilege log that identifies the communication from outside counsel that contained this privileged legal advice. As explained in KFH's response, KFH is unable to provide additional information about the specific committee members who reviewed or decided Plaintiff's exemption request because these reviews were conducted approximately five years ago and the HR review committee made decisions in a collaborative manner. Moreover, requests were often discussed without consideration to an employee's name or case number, only as to the contents of their exemption request(s). KFH's response is complete, truthful, and fully compliant. To the extent that Plaintiff now attempts to rewrite this interrogatory to seek other information, that is inappropriate. Accordingly, no further response is needed or possible.

### C.    KFH Response To Interrogatory No. 4

Interrogatory No. 4 asks KFH to describe steps taken to ensure Plaintiff received any communications regarding his exemption or compliance status. After appropriate objections, KFH properly stated that Plaintiff was made aware of his exemption and compliance status through various means, including emails that were sent to Plaintiff at his work and/or personal email accounts and/or made available on KFH's Intranet, to which Plaintiff had access at all relevant times. Contrary to Plaintiff's assertions, there is no false verified statement and no contradiction between KFH's responses to Interrogatories Nos. 4 and 5, which explains that the redeployment team did not play any formal role in communicating with Plaintiff regarding his exemption request. Indeed, both responses could be (and are) true at the same time. Any purported inconsistencies stem from Plaintiff's misunderstanding of the process. In brief, Plaintiff was placed in "redeployment" after March 2020 because his worksite closed. As part of this closure, KFH and Plaintiff's Union negotiated an agreement whereby affected employees, including Plaintiff, would be placed on "redeployment" from March 9, 2020 to September 30, 2023. During this entire time, employees received full-time pay (40 hours per week, plus any annual wage increases per the CBA), during which their primary obligation was to apply for and secure a new job (to which they had preferential bidding rights), in addition to staying current on compliance and other employment-related trainings and requirements, which included regularly accessing KFH's Intranet and Plaintiff's KP email. Redeployment issues were handled by a group of HR professionals who were not involved with requests for religious exemption from the Vaccination Policy, including Plaintiff's. There is no "false" verification of either response to Interrogatory Nos. 4 or 5 and KFH appropriately responded to both. Plaintiff's confusion about the process does not make the response to interrogatory number 4 incomplete, incorrect, or require supplement. Accordingly, no further response is needed or possible.

---

[1] Plaintiff's brief is single-spaced, so KFH also submits a single-spaced brief in order to respond to the misrepresentations and false statements contained therein.

RESPONSE TO PLAINTIFF'S INDEPENDENT DISCOVERY LETTER BRIEF        CASE No. 3:25-CV-08499-RFL

**D.    KFH Response To RFP No. 4**

Plaintiff's dispute regarding RFP No. 4 is a non-issue. Contrary to Plaintiff's assertion that "the underlying communications have not been produced," KFH has already conducted a reasonable search and diligent inquiry and has produced all relevant non-privileged communications regarding the issues in this case including, without limitation, Plaintiff's exemption request and compliance with the Vaccination Policy. Plaintiff's characterization of KFH's production as limited exclusively to "communications between Plaintiff and KFH" is plainly and demonstratively false. During the meet and confer effort, KFH informed Plaintiff of this and offered to supplement this response to expressly state that these internal communications have already been produced.[2] KFH also invited Plaintiff to identify any specific internal communications that he believes exist but have not been produced, but Plaintiff did not identify a single document. To the extent any responsive documents were withheld on privilege grounds, KFH has produced a privilege log.

**E.    KFH Response To RFP No. 6**

KFH has already produced all communications reflecting its attempts to contact Plaintiff regarding his exemption and compliance status, and there is nothing to amend or supplement regarding the response to RFP No. 6. KFH produced numerous emails sent to Plaintiff during the period in question responsive to this request, as well as logs reflecting the numerous phone conversations between Plaintiff and KFH. Plaintiff's dissatisfaction stems not from any deficiency in KFH's response but from the fact that some communications were sent to his Kaiser email address—an account he had access to and was expected to access—and that their existence undermines his theory that KFH failed to inform him that his exemption request had been denied. The produced documents demonstrate that KFH did communicate with Plaintiff. Plaintiff's failure to monitor his own work email account does not transform KFH's affirmative outreach efforts into non-events. Simply because Plaintiff does not like KFH's response does not make KFH's response deficient. KFH fully responded to this Request. Accordingly, no further response is needed or possible.

**F.    Conclusion**

Plaintiff's position on these discovery disputes is not based on deficiencies with KFH's responses. Rather, to a number of responses, Plaintiff simply does not like these responses because they do not support his contentions. As to the others, Plaintiff attempts to re-write or expand his original requests to ask for additional information not called for by the original requests, which is improper. KFH's responses to the discovery identified above is proper and complete, and no further supplementation is needed or possible. For the Court's convenience, KFH attaches its responses to Plaintiff's written discovery, as well as email correspondence summarizing the parties' positions following their meet and confer call.

DATED: July 7, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:    *Galen P. Sallomi*
　　　　Christian J. Rowley
　　　　Sean T. Strauss
　　　　Galen P. Sallomi

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

---

[2] To be clear, KFH has informed Plaintiff that it will supplement its response to indicate that these communications have already been produced after the meet and confer process is complete so as to avoid serving unnecessarily duplicative responses.

2

RESPONSE TO PLAINTIFF'S INDEPENDENT DISCOVERY LETTER BRIEF        CASE NO. 3:25-CV-08499-RFL