United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK A. MCDOWELL, Plaintiff, v. KAISER FOUNDATION HOSPITALS, Defendant. | Case No. 25-cv-08499-RFL (ASK) **ORDER RE: DISCOVERY DISPUTES** Re: Dkt. Nos. 54, 55, 56, 57 |

The Court addresses below the parties' discovery disputes relating to subpoenas by Defendant Kaiser Foundation Hospitals ("KFH") seeking to obtain the medical records and workers' compensation records of Plaintiff Frank McDowell.

## I. SUBPOENA FOR MEDICAL RECORDS (DKTS. 54 AND 57)

This discovery dispute concerns whether KFH may subpoena literally ***all*** of McDowell's medical records from Kaiser Permanente - Northern California ROMI Department ("ROMID"). KFH's subpoena goes too far. McDowell's motion to quash the subpoena is therefore granted in part and denied in part, as the subpoena covers some legitimate subject matter.

The background of the subpoena is as follows. McDowell has sued KFH for terminating him in 2021 for refusing to receive the COVID-19 vaccine. McDowell claims that he qualified for a religious exemption to KFH's mandatory vaccination policy and that KFH improperly refused to accommodate his religious objection. KFH contests the sincerity of McDowell's religious belief. McDowell has testified that, as a result of his Christian faith, he objects to injections, he does not "put what [he] consider[s] negative things in [his] body," he avoids medication, and he avoids drinking, drugs, and meat. *See* Dkt. 57-1 at 13-38.

Based on this testimony and McDowell's allegations, KFH has adequately justified

United States District Court
Northern District of California

subpoenaing McDowell's medical records sufficient to show any medication or injections that he has received, including during any medical procedures (*e.g.*, drugs received during surgery), as well as the date and context for receiving such medication or injections. That is the only appropriate scope of the subpoena that KFH has been able to justify. Additionally, as KFH concedes in its briefing, such information should be produced only pursuant to an appropriate protective order to protect McDowell's medical privacy.

To the extent that KFH seeks a broader scope of records—*i.e.*, all of McDowell's medical records—to explore McDowell's broader belief that his "body is a temple of the Holy Spirit" (Compl., ¶ 16) or his avoidance of drinking, non-medicinal drugs, and meat, that request is unjustified and disproportionate to the needs of the case. McDowell's belief that his "body is a temple of the Holy Spirit" is too vague to warrant such broad discovery of McDowell's medical history. KFH has had the opportunity to clarify the meaning of that statement and to explain why McDowell's medical history is necessary to challenge the sincerity of McDowell's belief. But, ultimately, KFH has failed to justify any discovery beyond McDowell's vaccination and medication history. Likewise, to the extent KFH seeks to use McDowell's medical records to explore whether he actually drinks, uses recreational drugs, or eats meat, subpoenaing all of McDowell's medical records is an overbroad and invasive way to explore that subject matter. Nor does KFH even argue that McDowell's medical records are likely to speak to those subjects.

## II. SUBPOENA FOR WORKERS' COMPENSATION RECORDS (DKTS. 55 AND 56)

This discovery dispute is similar and concerns whether KFH may subpoena the Sedgwick Law Firm for all files relating to McDowell's eight workers' compensation claims for injuries McDowell sustained between 1991 and 2017. McDowell's motion to quash this subpoena is similarly granted in part and denied in part.

As with the above dispute, KFH attempts to justify the subpoena as a basis to explore the sincerity of McDowell's professed religious belief. As with the above dispute, the subpoena is warranted with respect to documents sufficient to show any medications or injections that McDowell received, as well as the date and context for receiving such medications or injections.

KFH also raises a separate basis for seeking McDowell's workers' compensation files,

namely that such files may be used to show that there is an alternative cause for McDowell's alleged pain and suffering that he claims was caused by his termination. While this argument plausibly justifies disclosure of McDowell's workers' compensation files relating to the 2017 incident, KFH has failed to justify disclosure of files relating to any earlier incidents, which occurred between 10 and 30 years prior to McDowell's termination. Accordingly, the subpoena will be permitted to proceed with respect to all files relating to the 2017 incident. McDowell has failed to articulate any meaningful way to further narrow the scope of the subpoena relating to the 2017 incident.

Additionally, as with the dispute relating to ROMID records, any workers' compensation documents must be produced according to a suitable protective order that protects the confidentiality of McDowell's records.

**IT IS SO ORDERED.**

Dated: October 16, 2026

AJAY KRISHNAN
United States Magistrate Judge